2015 PA Super 135

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY REID | |
| Appellant | No. 1968 EDA 2014 |

Appeal from the Judgment of Sentence January 16, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003040-2010

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

OPINION BY JENKINS, J.:                           **FILED JUNE 09, 2015**

Appellant Anthony Reid ("Appellant") appeals from the January 16, 2014 judgment of sentence in the Philadelphia County Court of Common Pleas following his guilty plea convictions for attempted murder,[1] assault of a law enforcement officer in the first degree,[2] and aggravated assault.[3] Appellant's counsel has filed an **Anders**[4] brief, together with a petition to

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 901.

[2] 18 Pa.C.S. § 2702.1.

[3] 18 Pa.C.S. § 2702.

[4] **Anders v. California**, 386 U.S. 738, 87 S.Ct. 1396 (1967).

withdraw as counsel. We affirm the judgment of sentence and grant counsel's petition to withdraw.

The trial court summarized the events underlying Appellant's convictions as follows:

> On the morning of September 4, 2009, Appellant and his co-defendant, Brian Williams ("Williams"), ran out of the Sunoco gas station at 52nd and Spruce Streets in Philadelphia. Officer Julius Cesar observed that the men were armed and carrying a bag of money. Both men jumped into a get-away car and fled the scene. Officer Cesar engaged in a high-speed pursuit of the two defendants through the city. As Appellant was driving, Williams leaned out the passenger window and fired at Officer Cesar's vehicle, which struck the car's front grille – the officer was not injured. Both men continued to elude police until crashing into a parked car at 63rd and Grays Avenue. At that time, multiple officers converged on the scene. Appellant opened the driver's door and opened fire at the officers. The police returned fire, and during the exchange of bullets, Officer Adrian Hospetale was struck in the mouth. Both Appellant and Williams were immediately apprehended. A search of the vehicle revealed two (2) loaded firearms and $100,000 in cash.

Trial Court Pa.R.A.P. 1925(a) Opinion, filed November 24, 2014 ("1925(a) Opinion"), p. 2.

On March 21, 2011, Appellant pleaded guilty to the aforementioned charges. Pursuant to a negotiated plea agreement, on January 16, 2014, the trial court sentenced Appellant to 10 to 20 years' incarceration on the attempted murder conviction,[5] 20 to 40 years' incarceration on the assault

---

[5] The trial court sentenced Appellant – who had five prior robbery convictions – pursuant to 42 Pa.C.S. § 9714, which provides mandatory sentences for second and subsequent crimes of violence.

of a law enforcement officer in the first degree conviction[6] concurrent to the attempted murder conviction, and 5 to 10 years' incarceration for the aggravated assault conviction to be served consecutive to the attempted murder and assault of a law enforcement officer in the first degree convictions, for an aggregate total of 25 to 50 years' incarceration.[7] On January 24, 2014, Appellant filed a *pro se* post-trial motion to reconsider sentence that was denied by operation of law on June 11, 2014. Appellant filed a notice of appeal on July 2, 2014.[8] On August 18, 2014, Appellant's

---

[6] The trial court sentenced Appellant pursuant to 42 Pa.C.S. § 9719.1, which requires a mandatory 20-year minimum sentence for convictions for assault of a law enforcement officer in the first degree.

[7] The trial court imposed no further penalty for six other charges of aggravated assault to which Appellant pleaded guilty and was convicted. The court *nolle prossed* the remaining charges as part of the guilty plea agreement.

[8] Appellant was represented by counsel at the time he filed his *pro se* motion for reconsideration. Accordingly, his *pro se* motion for reconsideration was a nullity. *See Commonwealth v. Ellis*, 626 A.2d 1137, 1139 (Pa.1993) ("[T]here is no constitutional right to hybrid representation either at trial or on appeal."); *Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa.Super.2007) (*pro se* post-sentence motion filed while represented was a nullity, having no legal effect). Therefore, Appellant's counsel actually properly filed the notice of appeal on Appellant's behalf on February 11, 2014, despite the pending *pro se* motion for reconsideration. Despite this, this Court quashed the appeal as interlocutory on May 15, 2014. *See Commonwealth v. Reid*, 553 EDA 2014. Following the denial of the *pro se* motion for reconsideration by operation of law on June 11, 2014, Appellant's counsel once again filed a timely notice of appeal. We find this procedural posture, while flawed, presents no jurisdictional impediment to the instant appeal.

appointed counsel filed a statement of intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4). The trial court filed its 1925(a) Opinion on November 24, 2014.

As previously noted, Appellant's counsel has filed an application seeking to withdraw from representation pursuant to **Anders v. California** and its Pennsylvania counterpart, **Commonwealth v. Santiago**.[9] Before addressing the merits of Appellant's underlying issue presented, we must first pass on counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super.2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Counsel must also provide the appellant with a copy of the **Anders** brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of

_____

[9] 978 A.2d 349 (Pa.2009).

- 4 -

the court's attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa.Super.2007). Substantial compliance with these requirements is sufficient. ***Commonwealth v. Wrecks***, 934 A.2d 1287, 1290 (Pa.Super.2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." ***Commonwealth v. Palm***, 903 A.2d 1244, 1246 (Pa.Super.2006).

Instantly, counsel contemporaneously filed a petition to withdraw as counsel with the ***Anders*** brief. The petition states that counsel determined, after communicating with Appellant about the appeal, independently and conscientiously reviewing the record, and conducting appropriate legal research into possible issues, that no non-frivolous issues exist to be raised on appeal. ***See*** Petition to Withdraw As Counsel, ¶¶ 8-9. The petition further explains that counsel drafted and filed an ***Anders*** brief that included all issues Appellant wished raised on appeal as well as any issues counsel felt were of arguable merit, all of which counsel ultimately concluded were wholly frivolous. ***Id.*** at ¶ 11. Additionally, the petition explains that counsel notified Appellant of the withdrawal request, furnished Appellant with a copy of the ***Anders*** brief, and sent Appellant a letter explaining his right to proceed *pro se* or with new, privately-retained counsel to raise any

additional points or arguments that Appellant believed had merit.[10]  ***See id.***

at ¶¶ 12-13; ***see also*** Letter to Appellant, January 12, 2015.  In the ***Anders***

brief, counsel provides a summary of the facts and procedural history of the

case with citations to the record, refers to evidence of record that might

arguably support the issues raised on appeal, provides citations to relevant

case law, and states his conclusion that the appeal is wholly frivolous and his

reasons therefor.  ***See*** Appellant's Brief, pp. 7-33.  Accordingly, counsel has

substantially complied with the requirements of ***Anders*** and ***Santiago***.

As Appellant filed neither a *pro se* brief nor a counseled brief with new,

privately-retained counsel, we review this appeal based on the issues of

arguable merit raised in the ***Anders*** brief:

> [1.]    Was [Appellant's] negotiated guilty plea knowing, intelligent, and voluntary?
>
> [2.]  Was the negotiated sentence imposed upon [Appellant] by the lower court pursuant to the terms of the negotiated guilty plea manifestly excessive?
>
> [3.]  Was the sentence imposed upon [Appellant] illegal under ***Alleyne v. U.S.***, 133 S.Ct. 2151 (2013) insofar as it included mandatory minimum sentences imposed pursuant to 42 Pa.C.S.[] §§ 9714 and 9719.1?

---

[10]  Appellant's counsel originally filed his ***Anders*** brief and petition to withdraw on January 12, 2015.  On January 28, 2015, this Court entered a *per curiam* order directing counsel to file, within 10 days, copies of the letter he sent to Appellant with the ***Anders*** brief, which counsel had neglected to attach to his petition to withdraw.  ***See*** Order, January 28, 2015.  Counsel timely complied with this Court's directive on February 3, 2015.

[4.] Is [Appellant] entitled to have his sentence vacated due to the fact that the District Attorney's Office breached the terms of an agreement with [Appellant]?

[5.] Was [Appellant] denied effective assistance of counsel due to the fact that his privately retained plea counsel failed to file a pre- or post-sentence motion to withdraw [Appellant's] negotiated guilty plea?

[6.] Was [Appellant] denied effective assistance of counsel due to the fact that his privately retained plea counsel advised him not to exercise his right of allocution at sentencing?

Appellant's Brief, pp. 5-6.

**1. Appellant entered a knowing, intelligent and voluntary guilty plea.**

Appellant's first claim alleges that his plea of guilty was not knowing, intelligent, and voluntary. *See* Appellant's Brief, pp. 17-20. This claim lacks merit.

"A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa.Super.2005); Pa.R.Crim.P. 590, Comment. Additionally, a written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. *Morrison*, 878 A.2d at 108 (*citing* Comment to Pa.R.Crim.P. 590). "[A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full

understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." ***Commonwealth v. Fluharty***, 632 A.2d 312, 315 (Pa.Super.1993). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super.2003) (internal citation omitted). The entry of a negotiated plea is a "strong indicator" of the voluntariness of the plea. ***Commonwealth v. Myers***, 642 A.2d 1103, 1106 (Pa.Super.1994). Moreover, "[t]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1192 (Pa.Super.2010).

The record reveals Appellant understood the nature of the charges against him and the plea to which he was agreeing, and that he voluntarily and intelligently entered his guilty plea. At the outset of the guilty plea hearing, the trial court placed the terms of the agreement on the record.[11]

---

[11] The trial court summarized the plea agreement as follows:

> THE COURT: . . . It's my understanding that on each of these transcripts in exchange for your pleas to Counts 1 and 2 of the first transcripts that I referred to which you're charged with robbery and criminal conspiracy, and on the second transcript in exchange for your pleading guilty to Counts 2 and 3 on that transcript involving robbery and criminal conspiracy.

*(Footnote Continued Next Page)*

*See* N.T. 3/21/2011, pp. 6-7. Appellant confirmed that he understood the terms of the negotiated agreement. *Id.* at 7. Thereafter, the trial court conducted a lengthy guilty plea colloquy in which Appellant fully participated. *See id.* at 8-35. During the guilty plea colloquy, the trial court explained to Appellant his right to a jury trial, his post-guilty plea appellate rights, and the elements and statutory maximum penalty possible for the charges. *Id.* at 9-21. Appellant indicated he understood. *Id.* at 10, 13, 21. Additionally, the Commonwealth provided lengthy factual bases for the charges, after which Appellant admitted he was guilty of each crime. *Id.* at 21-29. Appellant is bound by his statements made during the colloquy. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa.Super.2001) (defendant is bound by statements he makes during plea colloquy, and may

_(Footnote Continued)_ —————————

> In exchange for your pleas to Counts 1, 4, 7, 10, 11, 12, 13, 16, 21 and 24 of the third transcript in which you're charged with six separate counts of attempted aggravated assault, one count of attempted murder, one count of criminal conspiracy, and one count of aggravated assault, causing serious bodily injury to a police officer, in exchange for those pleas the Commonwealth has agreed to *nolle pros* all other counts under each of the respective transcripts.
>
> And they have agreed to recommend a sentence which is to be deferred for a total period of 25 to 50 years of incarceration which the sentence is to be served concurrent to and as yet a federal sentence is to be imposed in the near future together with fines and costs, plus restitution.

N.T. 3/21/2011, pp. 6-7.

not assert grounds for withdrawing plea that contradict statements made when he pleaded guilty).

Additionally, defense counsel and Appellant reviewed and completed a written guilty plea colloquy for each docket on which he pleaded guilty, which the trial court reviewed with Appellant and admitted into evidence during the oral colloquy. **See** N.T. 3/21/2011, pp. 29-31; **see also** Written Guilty Plea Colloquies. The written colloquies outlined the plea agreement and discussed the charges, the right to a jury trial, and the pre-trial rights relinquished by pleading guilty. **See** Written Guilty Plea Colloquies. The written colloquies further outlined the presumption of innocence and the trial court's power to deviate from the recommended sentence. **Id.** Appellant further acknowledged in the written guilty plea colloquies that he had ample opportunity to consult with counsel, and that he was satisfied with counsel's representation. **See id.** at 3. He is further bound by these written statements. **See McCauley**, **supra**.

Our review of the guilty plea hearing transcript and documents reveals that the lower court did not abuse its discretion. The record supports the trial court's conclusion that Appellant entered his plea knowingly, voluntarily, and intelligently.

## 2. Appellant waived his discretionary aspects of sentence claim.

Appellant next claims the negotiated sentence imposed upon acceptance of his guilty plea was manifestly excessive. **See** Appellant's Brief, pp. 29-33. This claim raises a challenge to the discretionary aspects

- 10 -

of Appellant's negotiated sentence, and is unreviewable. The trial court imposed the sentence Appellant negotiated with the Commonwealth. Appellant may not now seek discretionary review of that negotiated sentence. **See Commonwealth v. O'Malley**, 957 A.2d 1265, 1267 (Pa.Super.2008) ("One who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence."). This claim fails.

**3. The trial court did not impose an illegal sentence under *Alleyne*.**

Appellant next claims his sentence is illegal based on the Supreme Court of the United States' decision in **Alleyne v. United States**[12] because it includes certain mandatory minimum sentences. **See** Appellant's Brief, pp. 25-28. Appellant is incorrect.

First, Appellant challenges the application of the 10-year mandatory minimum sentence imposed on his attempted murder conviction. Regarding mandatory minimum sentences for second or subsequent convictions for crimes of violence, the Sentencing Code provides, in relevant part:

**(a) Mandatory sentence.--**

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Upon a second

---

[12] ___ U.S. ___, 133 S. Ct. 2151 (2013).

conviction for a crime of violence, the court shall give the person oral and written notice of the penalties under this section for a third conviction for a crime of violence. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

42 Pa.C.S. § 9714(a).

In *Alleyne*, the Supreme Court of the United States held that the Sixth Amendment requires that any fact – other than a prior conviction – that increases a mandatory minimum sentence for an offense must be submitted to the jury and proven beyond a reasonable doubt. Importantly, *Alleyne* did not overturn prior precedent that prior convictions are sentencing factors and not elements of offenses. *Alleyne*, 133 S.Ct. at 1260 n.1; *see also Almendarez-Torres v. United States*, 523 U.S. 224, 243-44, 118 S.Ct. 1219, 1230-31 (1998).

Section 9714 increases mandatory minimum sentences based on prior convictions. *See* 42 Pa.C.S. § 9714(a)(1). Accordingly, this section is not unconstitutional under *Alleyne*. *See Alleyne*, *supra*; *see also Commonwealth v. Akbar*, 91 A.3d 227, 239 n.9 (Pa.Super.2014), *appeal granted and order vacated on other grounds*, No. 238 EAL 2014, 2015 WL 920472 (Pa. Mar. 4, 2015).

Here, at his guilty plea hearing, Appellant acknowledged that his cases involved "mandatory sentences [that would] be imposed by the [trial c]ourt[.]" N.T. 3/21/2011, p. 8. At sentencing, the court characterized the

- 12 -

instant matter as a "second strike case[,]" without objection from Appellant.[13]  *See* N.T. 1/16/2014, pp. 4-6.  The trial court then imposed a section 9714 mandatory minimum sentence on the attempted murder conviction.  This sentence was legal.

Appellant also challenges the application of the 20-year mandatory minimum sentence imposed on his conviction for assault of a law enforcement officer in the first degree.  Regarding sentences for offenses committed against law enforcement officers, the Sentencing Code provides, in relevant part:

> **(a) Mandatory sentence.--**A person convicted of the following offense shall be sentenced to a mandatory term of imprisonment as follows:
>
> 18 Pa.C.S. § 2702.1(a) (relating to assault of law enforcement officer)[14]--not less than 20 years.

42 Pa.C.S. § 9719.1.

---

[13] Appellant concedes he had five prior convictions for robbery, a crime of violence.  *See* Appellant's Brief, p. 27 n.9; *see also* 42 Pa.C.S. § 9714(g).

[14] Section 2702.1 defines the crime of assault of a law enforcement officer in the first degree as follows:

> **Assault of a law enforcement officer in the first degree.--**A person commits a felony of the first degree who attempts to cause or intentionally or knowingly causes bodily injury to a law enforcement officer, while in the performance of duty and with knowledge that the victim is a law enforcement officer, by discharging a firearm.

18 Pa.C.S. § 2702.1(a).

This mandatory sentence provision does not implicate **Alleyne**. Section 9719.1 does not require proof of any additional elements beyond those already required to convict a defendant of assault of a law enforcement officer in the first degree under 18 Pa.C.S. § 2702.1(a). Nor does section 9719.1 follow the statutory scheme that allowed a trial court to apply a mandatory minimum sentence if the Commonwealth established the triggering fact for the mandatory minimum by a preponderance of the evidence,[15] which this Court found unconstitutional under **Alleyne**. **See**, **i.e.**, 18 Pa.C.S. § 6317(b) (relating to sentencing for drug crimes committed in school zones),[16] 18 Pa.C.S. § 7508(b) (relating to sentencing for drug

---

[15] Since **Alleyne**, this Court has ruled unconstitutional multiple statutes containing nearly identical "proof at sentencing" provisions. These provisions all included language essentially identical to the following:

> **Proof at sentencing.--**Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

42 Pa.C.S. § 9712(b).

[16] Held unconstitutional by **Commonwealth v. Bizzel**, 107 A.3d 102, 103 (Pa.Super.2014).

trafficking);[17] 42 Pa.C.S. § 9712(b) (relating to sentences for offenses committed with firearms),[18] 42 Pa.C.S. § 9712.1(c) (relating to sentences for certain drug offenses committed with firearms),[19] 42 Pa.C.S. § 9713(c) (relating to sentences for offenses committed on public transportation),[20] and 42 Pa.C.S. § 9718(c) (relating to sentences for offenses against infant persons).[21] Instead, section 9719.1 simply describes the legislatively-required sentence for an offender convicted of assaulting a law enforcement officer pursuant to section 2702.1(a). Because it does not require proof of facts that increase a mandatory minimum sentence, and does not follow the statutory construction that allowed trial courts to find such facts by a preponderance of the evidence at sentencing, section 9719.1 is not unconstitutional under *Alleyne* or its Pennsylvania progeny.

For these reasons, the trial court did not impose an illegal sentence.

---

[17] Held unconstitutional by *Commonwealth v. Cardwell*, 105 A.3d 748 (Pa.Super.2014).

[18] Held unconstitutional by *Commonwealth v. Valentine*, 101 A.3d 801 (Pa.Super.2014).

[19] Held unconstitutional by *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super.2014).

[20] Held unconstitutional by *Commonwealth v. Valentine*, 101 A.3d 801 (Pa.Super.2014).

[21] Held unconstitutional by *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa.Super.2014).

### 4. No evidence exists of any agreement breached by the Commonwealth.

Appellant next argues that the Commonwealth induced him to plead guilty with the promise of an alleged, nebulous agreement between the Commonwealth and Appellant, which the Commonwealth subsequently breached. *See* Appellant's Brief, pp. 24-25. This claim lacks merit.[22]

Appellant appears to argue that he received no benefit for having testified for the Commonwealth in other cases.[23] However, nowhere in his brief or filings does Appellant set forth when he made any agreement with the Commonwealth to testify in other cases or the terms of the alleged

_____

[22] Appellant's claim challenges the validity of his plea and is therefore eligible for review on direct appeal. *See Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa.2014) (noting "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the "legality" of the sentence imposed"). To the extent Appellant argues that his counsel unlawfully induced his guilty plea with false promises, such a claim must await collateral review. *See Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa.2013); 42 Pa.C.S. § 9543(a)(2)(iii).

[23] Appellant's *pro se* post-sentence motion to modify contains the claim:

> F. I feel that there was a breach of contract on behalf of the District attorney office – ADA ODonnelly – where as I Fullfilled my part, after coming Forward and testifying, but no acknowledgement was acredited, Nor brought Forward to the commonwealth court. Now I are being left hung out to dry and Fend for my life. For the remainder days of my life through lengthy incarceration sentence.

Motion for Reconsideration/Modification of Sentence, filed January 24, 2014, p. 2 (verbatim).

agreement(s). In fact, Appellant does not even allege the existence of an agreement in the first place. Instead, he simply explains that he testified and expresses his dissatisfaction that he did not receive some undefined benefit from the Commonwealth in return. *See* Motion for Reconsideration/Modification of Sentence, p. 2. Further, the record contains no evidence of such an agreement. The only agreement that appears in the record is the guilty plea agreement that the trial court summarized with Appellant's approval, as discussed *supra*. Accordingly, this claim fails.

**5. Appellant's ineffective assistance of counsel claims must await collateral review.**

Appellant's final two claims allege trial counsel provided ineffective assistance of counsel by (1) failing to file pre- or post-sentence motions to withdraw Appellant's guilty plea, and (2) advising Appellant not to exercise his right of allocution at sentencing. *See* Appellant's Brief, pp. 20-23. It is well-settled that, absent circumstances not present in the case at bar, "claims of ineffective assistance of counsel are to be deferred to PCRA review[.]" *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa.2013). Accordingly, these claims are premature and we will not address them at this time.

For the aforementioned reasons, the claims raised in the *Anders* brief lack merit. Additionally, our independent review of the record has revealed no non-frivolous claims that Appellant could have raised, and we agree with

counsel that this appeal is wholly frivolous. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed. Counsel's petition to withdraw is granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/9/2015