J-S17005-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEAN PLETZ | |
| Appellant | No. 2058 WDA 2014 |

Appeal from the Judgment of Sentence July 16, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0000387-2013

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED FEBRUARY 17, 2016**

Appellant, Dean Pletz, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his guilty plea to eight (8) counts of robbery, two (2) counts of receiving stolen property, and one (1) count each of burglary, theft by unlawful taking, unauthorized use of automobiles, firearms not to be carried without a license, and persons not to possess firearms.[1]  Appellant entered his guilty plea on April 7, 2014.  On July 16, 2014, the court sentenced Appellant to concurrent terms of (10) to twenty (20) years' imprisonment for seven of Appellant's robbery convictions, pursuant to the mandatory minimum statute at 42 Pa.C.S.A. §

_____

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 3701(a)(1)(iv), 3925, 3502, 3921(a), 3928(a), 6106(a)(1), 6105(a)(1), respectively.

_____

*Former Justice specially assigned to the Superior Court.

9714(a)(1). The court imposed no further penalty for the remaining offenses. Appellant timely filed a post-sentence motion on July 21, 2014, which the court denied on November 19, 2014. On December 19, 2014, Appellant timely filed a notice of appeal. The court ordered Appellant to file a Pa.R.A.P. 1925(b) statement, and Appellant timely complied.

For sentences on second or subsequent offenses, 42 Pa.C.S.A. § 9714 sets forth a mandatory minimum sentence of ten (10) years' imprisonment where a defendant has previously been convicted of a crime of violence. *See* 42 Pa.C.S.A. § 9714(a)(1). Section 9714(d) states that the statute's provisions shall not be an element of the crime, and that the accuracy of the defendant's prior record, if contested, shall be determined by the court at sentencing by a preponderance of the evidence. *See* 42 Pa.C.S.A. § 9714(d).

In *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), the U.S. Supreme Court expressly held that any fact that increases the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt. *Id.* The *Alleyne* Court, however, carved out a narrow exception where a defendant's prior conviction is the "fact" triggering application of a mandatory minimum sentence. *Id.* at ___ n.1, 133 S.Ct. at 2160 n.1, 186 L.Ed.2d at ___ n.1. *See also Commonwealth v. Reid*, 117 A.3d 777 (Pa.Super. 2015) (explaining *Alleyne* did not overturn existing

precedent that prior convictions are sentencing factors and not elements of offenses; Section 9714 enumerates mandatory minimum sentences based on prior convictions, and is constitutional under **Alleyne**; court's imposition of mandatory minimum sentence under Section 9714 was lawful); **Commonwealth v. Miller**, 102 A.3d 988, 995 n.5 (Pa.Super. 2014) (explaining fact of prior conviction does not need to be submitted to fact-finder and found beyond reasonable doubt; **Alleyne** allows mandatory minimum sentence based on fact of prior conviction).

Instantly, the court imposed concurrent ten-year mandatory minimum sentences for seven of Appellant's robbery convictions. Appellant does not dispute, and the record shows, that he has a prior conviction for a crime of violence in 1993. Based on Appellant's prior conviction for a crime of violence, the court's imposition of the mandatory minimum sentences per Section 9714 was lawful under **Alleyne** and its progeny. **See Alleyne, supra**; **Reid, supra**; **Miller, supra**. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2016

- 3 -