J-S26021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ERIC MARTIN | |
| Appellant | No. 2793 EDA 2015 |

Appeal from the Judgment of Sentence Entered February 25, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No: CP-48-CR-0003114-2014

BEFORE:  OLSON, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                      **FILED JUNE 20, 2016**

Appellant Eric Martin appeals from the February 25, 2015 judgment of sentence entered in the Court of Common Pleas of Northampton County ("trial court"), following his guilty plea to possession with intent to deliver a controlled substance (cocaine) and false identification to law enforcement.[1] Upon review, we affirm.

Briefly, on February 25, 2015, Appellant entered into a negotiated guilty plea for the foregoing offenses and was sentenced to an agreed-upon aggregate term of two to four years' imprisonment.  Appellant did not file any post-sentence motion.  Rather, he timely appealed to this Court.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 4914(a).

On appeal, Appellant argues only that the trial court abused its discretion in failing to calculate properly his prior record score.[2]

When reviewing a challenge to the trial court's discretion, our standard of review is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1263 (Pa. Super. 2012) (quoting *Commonwealth v. Cunningham*, 805 A.2d 566, 575 (Pa. Super. 2002)), *appeal denied*, 64 A.3d 630 (Pa. 2013).

"Initially, we note that when a defendant enters a guilty plea, he or she waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." *Commonwealth v. Stradley*, 50 A.3d 769, 771 (Pa. Super. 2012) (citation omitted). "Our law presumes that a defendant who enters a

---

[2] We observe that Appellant characterized his challenge to the calculation of his prior record as a legality of sentence claim. He is mistaken. It is settled that challenges concerning a prior record score calculation implicate the discretionary aspects of sentencing. *See Commonwealth v. Sanchez*, 848 A.2d 977, 986 (Pa. Super. 2004) (holding that a miscalculation of the prior record score "constitutes a challenge to the discretionary aspects of [a] sentence"); *see also Commonwealth v. O'Bidos*, 849 A.2d 243, 253 (Pa. Super. 2004) (noting that a challenge to the calculation of prior record score implicates the discretionary aspects of sentencing), *appeal denied*, 860 A.2d 123 (Pa. 2004).

guilty plea was aware of what he was doing. He bears the burden of proving otherwise." ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1047 (Pa. Super. 2011) (citation omitted). Differently put, a defendant may not challenge the discretionary aspects of his or her sentence, where the terms of the sentence were made part of the negotiated plea. ***Commonwealth v. Baney***, 860 A.2d 127, 131 (Pa. Super. 2004), *appeal denied*, 877 A.2d 459 (Pa. 2005); ***see Commonwealth v. Reid***, 117 A.3d 777, 784 (Pa. Super. 2015) (holding that a challenge to the discretionary aspects of a negotiated sentence is unreviewable).

Here, as noted earlier, Appellant entered into a negotiated plea agreement pursuant to which he was sentenced to two to four years' imprisonment. As a result, Appellant may not challenge on appeal the discretionary aspects of his sentence, including the calculation of his prior record score. ***See Baney*** and ***Reid***, ***supra***.

Even if Appellant could challenge the discretionary aspects of his sentence, he still would not have obtained relief. Here, Appellant waived the discretionary aspects challenge because he failed to raise it in a post-sentence motion before the trial court. ***See Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa. Super. 2012) (citation omitted) (noting that a discretionary aspect of a sentence claim is waived when not raised in a post-sentence motion before the trial court*), appeal denied*, 75 A.3d 1281 (Pa. 2013).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/20/2016