J-S39024-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| GEORGE ANKROM | |
| Appellant | No. 1539 WDA 2016 |

Appeal from the Judgment of Sentence April 22, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0000661-2016

BEFORE:   BENDER, P.J.E., BOWES AND STRASSBURGER,* JJ.

MEMORANDUM BY BOWES, J.:                                    FILED OCTOBER 17, 2017

George Ankrom appeals from his judgment of sentence of twelve months probation imposed after he pled guilty to one count of simple assault and one count of harassment.  We affirm.

On February 4, 2016, State Troopers in Washington County responded to a disturbance at 383 Weirich Avenue, Canton Township.  Upon their arrival, the two troopers spoke with one of the residents, Faith Loughman, who complained that Appellant, her roommate, was threatening to kill her.  The troopers also noted that Appellant exhibited signs of drunkenness.  Appellant promised he would not cause any more trouble, and the troopers left without further incident.  Moments later, the troopers received a second report that Appellant had threatened to kill Ms. Loughman, and that she

_____

*  Retired Senior Judge assigned to the Superior Court.

feared for her life. They returned to the residence, and after Ms. Loughman filed a written statement indicating the above, the troopers took Appellant into custody where he continued to engage in disruptive behavior.

Based on the foregoing, Appellant was charged with terroristic threats, simple assault, harassment, disorderly conduct, and public drunkenness. On March 9, 2016, following a preliminary hearing, Appellant entered into a tentative plea agreement which entailed that, in return for pleading guilty to simple assault and harassment, he would receive an aggregate sentence of twelve months probation and additional conditions.

The trial court held a guilty plea hearing on April 22, 2016. Appellant entered a negotiated guilty plea to one count of simple assault and one count of harassment. The trial court conducted the mandatory colloquy, and Appellant completed a written colloquy. The court accepted Appellant's plea as knowingly, intelligently, and voluntarily made, and sentenced him in accordance with the terms of the negotiated plea agreement to twelve months probation, plus additional conditions. Subsequently, Appellant filed a post-sentence motion seeking to withdraw his guilty plea.

Following a hearing on May 13, 2016, the court denied Appellant's motion. However, the order reflecting the court's decision was not entered on the docket, and on September 8, 2016, the clerk of courts issued an order denying Appellant's motion by operation of law. Appellant filed a timely appeal to this Court and complied with the trial court's directive to file

a Rule 1925(b) concise statement of errors complained of on appeal.[1] The court authored its Rule 1925(a) opinion, and this matter is now ready for our review. Appellant presents one question for our consideration: "Did the trial court err in denying Appellant's Motion to Withdraw Guilty Plea?" Appellant's brief at 6.

Appellant's claimed error challenges the court's denial of his request to withdraw his guilty plea. It is well-established that once the court has imposed a sentence, a defendant may withdraw his guilty plea "only where necessary to correct manifest injustice." Commonwealth v. Prendes, 97 A.3d 337, 352 (Pa.Super. 2014) (citation omitted). In addition, "post-sentence motions for withdrawal are subject to higher scrutiny since the courts strive to discourage the entry of guilty pleas as sentence-testing devices." Id. A guilty plea is valid if it is entered knowingly, voluntarily, and intelligently. Id. Hence, "a manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly." Id. Since we presume that "a defendant who enters a guilty plea is aware of his actions[,] [h]e bears the burden of proving otherwise." Commonwealth v. Reid, 117 A.3d 777, 783 (Pa.Super. 2015).

_____

[1] Appellant filed his notice of appeal on Tuesday, October 11, 2016, thirty-three days after the denial of his motion to withdraw his guilty plea. However, October 8, 2016, fell on a Saturday, and the following Monday was Columbus Day. Hence, Appellant's notice of appeal was timely filed.

Our review of the validity of a guilty plea centers upon ensuring that the defendant was properly informed of:  1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence.  Id. at 782; Pa.R.Crim.P. 590, comment.  Further, when a written plea colloquy is read, completed, and signed by the defendant and made part of the record, it may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination.  Reid, supra at 782.

Appellant argues that he did not enter his guilty plea knowingly and intelligently.  He claims that he did not understand the nature of the guilty plea proceedings and that he thought he was already serving a sentence. Appellant maintains that he mistakenly believed that he had no choice but to offer a guilty plea.  In addition, Appellant emphasizes his inability to read and write well, and alleges that these deficiencies contributed to his misunderstanding of the written and oral colloquy.  As such, he concludes that the trial court erred in failing to grant his motion to withdraw.

Upon review of the certified record, we find that Appellant is not entitled to relief.  Instantly, Appellant entered a guilty plea at a hearing held on April 22, 2016.  At that hearing, he was apprised of his right to a jury trial, the presumption of innocence, and the nature of the charges brought against him.  Guilty Plea Hearing, 4/22/16, at 3, 6.  He acknowledged that

- 4 -

he understood the nature of the charges and the maximum penalties arising from those crimes. Id. at 7. Appellant agreed that he completed the written plea colloquy, understood each question, and answered them honestly. Id. The court accepted Appellant's plea as being knowingly, intelligently, and voluntarily made, and sentenced him according to the terms of the negotiated plea agreement. Id. at 8.

At his post-sentence motion hearing, Appellant testified that he did not fully grasp his constitutional rights. He averred that he "can't read and write too well, so I just went along with it because I thought that's what I had to do." Post-Sentence Motion Hearing, 5/13/16, at 7. With regard to the written guilty plea colloquy, he asserted that he did not understand its import, and that he "just wrote yes, [and] left a lot of them blank[.]" Id. Appellant noted that he thought the he was already sentenced, and thus, that he had no choice but to accept the plea agreement, rather than pursue a jury trial. Id. at 8.

On cross-examination, Appellant conceded that he agreed to the tentative plea agreement following the preliminary hearing, that he was aware of the charges against him, and that he was aware of the incident that gave rise to those crimes. Id. at 9-10. Further, he acknowledged that he read and signed the written colloquy form, which included a representation that he was entering his plea knowingly, voluntarily, and intelligently. Id. at 11. Appellant stated that he filled in the answers on the form, including

answers to questions 40, 41, and 42, which, contrary to his assertion on direct examination that he answered all the questions affirmatively, he answered in the negative. Id. at 13.

The trial court found Appellant's testimony that he did not understand the nature of his guilty plea proceeding incredible, and this finding is supported by the record. Appellant acknowledged that he was knowingly, intelligently, and voluntarily waiving his rights on the record, and completed a written colloquy affirming the same. At no time during the guilty plea proceeding did Appellant indicate that he misunderstood the nature of the proceedings, that he had misgivings about waiving his rights, or that he needed more time to consult with his attorney. As such, Appellant has not established that was unaware of his actions, Reid, supra, and thus, we do not find that refusing to permit withdrawal of his guilty plea constituted manifest injustice. Prendes, supra.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/17/2017