J-S30027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA WILLIAMS, | : | |
| | : | |
| Appellant. | : | No. 761 EDA 2018 |

Appeal from the Judgment of Sentence, October 5, 2015,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0008410-2014.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JULY 23, 2019**

Joshua Williams appeals, *nunc pro tunc*, from a judgment of sentence, after pleading guilty to murder of the third degree and possession of an instrument of crime.[1] He raises four issues: (1) the trial court "repeatedly described the murder charge as a first-degree-murder charge," (2) it failed to ask "follow-up questioning . . . to explore whether . . . mental illness impacted [his] state of mind when formulating the decision to enter into a plea agreement," (3) it relied upon stipulated facts that were insufficient to support a conviction for murder of the third degree, and (4) his previous attorneys were ineffective. Williams' Brief at 6-7.[2]

---

[1] *See* 18 Pa.C.S.A. §§ 2052(c), 907.

[2] Also, Williams moved this Court to remand his case, because his written plea colloquy is not of record. He cites no law to support his request. Under Pa.R.A.P. 1926 the appellant – *i.e.*, Williams – has the burden of perfecting the appellate record. We deny his motion for remand.

The Commonwealth asserts Williams waived his first three claims. **See** Commonwealth's Brief at 8 (quoting **Commonwealth v. Lincoln**, 72 A.3d 606, 609-610 (Pa. Super. 2013) ("a defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in wavier.") Williams disagrees, because (1) "[a]rticulating the wrong factual source of [the undue influence] (*i.e.*, trial counsel versus the trial court) does not at all waive the underlying issue" and (2) "[m]ental competency to participate in a proceeding is not waivable." Williams' Reply Brief at 3-4.

Williams cites no law for his first proposition, and it is incorrect. Generally speaking, issues not raised in the trial court may not be advanced for the first time on appeal. **See** Pa.R.A.P. 302(a). Thus, we dismiss Williams' first and third issues as waived, because he is raising them for the first time on appeal.

As to his second proposition, Williams is correct. A defendant's claim of mental incompetency is not waivable. **See Commonwealth v. Higgins**, 424 A.2d 1222, 1225 (Pa. 1980) (holding mental competency claim shielded from judicial waiver principles by "relaxed waiver" rule governing direct appellate review of such claims).[3]

---

[3] Williams cites Judge Bowes' concurring memorandum in **Commonwealth v. DiPrimeo**, 2018 WL 5791977. There, she disagreed with the panel

On the merits of his second appellate issue, Williams does not acknowledge that our standard of review for a mental capacity claim is abuse of discretion. *See* Williams' Brief at 4. "The determination of competency [to plead guilty] is a matter for the sound discretion of the trial court and will not be disturbed absent a clear abuse of that discretion." ***Commonwealth v. Frey***, 904 A.2d 866, 872 (Pa. 2006). Instead, Williams attempts to litigate his defense on appeal as if this were a trial *de novo*. He presents, at great length, his version of the underlying facts and submits his medical records as an appendix to his brief. ***See id.*** at 26-42, Tabs E-G. We may not review this appended evidence, because those documents are dehors the record. ***See, e.g., Commonwealth v. Atkinson***, 528 A.2d 210, 217 n.1 (Pa. Super. 1987). Due to Williams' failure to argue, must less convince us, that the trial court abused its discretion, we must dismiss his second issue as affording him no appellate relief.

Finally, Williams' fourth issue asserts ineffectiveness of counsel. Such issues must await collateral attack via the PCRA. ***See, e.g., Commonwealth v. Reid***, 117 A.3d 777, 787 (Pa. Super. 2015) (citation omitted). We dismiss this issue without prejudice to renew it in a PCRA petition.

Motion to remand denied.

---

majority that a defendant's claim of an incompetent guilty plea was waived, because he could raise a theory of mental infirmity for the first time on appeal. Judge Bowes' analysis persuades us that a theory of mental incompetence to enter a guilty plea is not subject to wavier. Because **DiPrimeo** was not an Opinion, the panel majority's conclusion of waiver is not binding upon us. ***See*** Superior Court I.O.P. 65.37

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/23/19