J. A17044/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
CRAIG ANDRUS, : No. 1868 EDA 2018
:
Appellant :

Appeal from the Judgment of Sentence Entered June 4, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0005092-2017

BEFORE: PANELLA, P.J., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED SEPTEMBER 09, 2019**

Craig Andrus appeals from the June 4, 2018 judgment of sentence

entered in the Court of Common Pleas of Philadelphia County following his

entry of a negotiated guilty plea to third-degree murder and illegal possession

of a firearm.[1] The trial court sentenced appellant to 11½ to 23 years of

imprisonment. We affirm.

At the outset, we note that because the facts giving rise to appellant's

convictions are not germane to the disposition of this appeal, we need not set

them forth. With respect to procedural history, the record reflects that after

imposition of sentence, no post-sentence motions were filed. The record

further reflects that on June 12, 2018, despite being represented by counsel,

---

[1] 18 Pa.C.S.A. §§ 2502(c) and 6105(a)(1), respectively.

appellant filed a *pro se* notice of appeal to this court stating that he "would like to take back his guilty plea." (Notice of appeal, 6/6/18.) On August 28, 2018, this court entered an order remanding the case to the trial court for 30 days to determine whether trial counsel had abandoned appellant and to take further action, as required, to protect appellant's appellate rights, including determination of appellant's eligibility for court-appointed counsel. (***Per curiam*** order, 8/28/18.)

In accordance with that remand order, the trial court held a hearing on September 11, 2018, wherein it determined that trial counsel had abandoned appellant. As a result, the trial court entered an order that same day permitting trial counsel to withdraw and appointing Attorney Gina Amoriello to represent appellant on direct appeal. (Trial court order, 9/11/18.) By separate order also entered on September 11, 2018, the trial court directed Attorney Amoriello to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on or before October 2, 2018. (Trial court Rule 1925(b) order, 9/11/18.) Attorney Amoriello failed to timely comply.

Instead, on September 13, 2018, Attorney Amoriello filed an "application for remand" with this court requesting that we remand to the trial court so that appellant could file a motion to withdraw his guilty plea. (Application for remand, 9/13/18 at 1-2.) This court then ordered the Commonwealth and the trial court to show cause, within 21 days, as to why

the case should not be remanded for further proceedings in accordance with Pa.R.Crim.P. 720, which sets forth post-trial procedures. (**Per curiam** order, 10/18/18.) The Commonwealth and the trial court timely complied. We note that the trial court's response also served as its Rule 1925(a) opinion. (Trial court's written response to Superior Court's October 18, 2018 order and Rule 1925(a) opinion, 10/23/18 at 1.) In that response and opinion, the trial court stated that remand pursuant to Rule 720 is not necessary because even if appellant filed a timely post-sentence motion to withdraw his guilty plea, it would have denied the motion because the record reflects that appellant entered his guilty plea knowingly, voluntarily, and intelligently. (**Id.** at 3-6.) On November 30, 2018, this court entered an order denying appellant's application for remand. (**Per curiam** order, 11/30/18.)

On December 1, 2018, Attorney Amoriello filed an untimely Rule 1925(b) statement on appellant's behalf that challenged the voluntariness of appellant's guilty plea and raised an ineffective assistance of trial counsel claim. (Appellant's "statement of matters complained of on appeal pursuant to Rule 1925[(b)]," 12/1/18 (full capitalization omitted).) On January 4, 2019, this court dismissed appellant's appeal due to appellant's failure to file an appellate brief. (**Per curiam** order, 1/4/19.) After consideration of appellant's application for reconsideration, this court granted the application, vacated the dismissal order, and reinstated this appeal. (**Per curiam** order, 1/6/19.)

In his brief, appellant raises the following issue:

> Was prior counsel ineffective for failing to file a timely petition to withdraw appellant's guilty plea when appellant claims that this plea was not knowing, intelligent nor voluntary?

Appellant's brief at 5 (boldface and full capitalization omitted).

Preliminarily, we address the untimely filing of appellant's Rule 1925(b) statement, which challenged the voluntariness of appellant's plea and raised an ineffective assistance of trial counsel claim. (Appellant's "statement of matters complained of on appeal pursuant to Rule 1925B," 12/1/18 (full capitalization omitted).) Pursuant to **Commonwealth v. Burton**, 973 A.2d 428 (Pa.Super. 2009), the late filing of a Rule 1925(b) statement is **per se** ineffectiveness of Attorney Amoriello that would otherwise require a remand for the trial court to have an adequate opportunity to address the issue raised on appeal. **Id.** at 433; **see also** Pa.R.A.P. 1925(c)(3). Here, however, a remand is not necessary because appellant's ineffective assistance of trial counsel claim, which is his sole issue on appeal, is not cognizable on direct appeal.[2] It is well settled that, absent circumstances not present in this case, ineffective assistance of counsel claims are to be deferred to collateral review. **Commonwealth v. Reid**, 117 A.3d 777, 786 (Pa.Super. 2015); **see also** **Commonwealth v. Holmes**, 79 A.3d 562, 576 (Pa. 2013).

---

[2] We note that the trial court fully addressed appellant's challenge to the voluntariness of his plea. (**See** "written response to superior court's October 18, 2018 order and 1925(a) opinion," 10/23/18 at 4-6 (full capitalization omitted).)

- 4 -

J. A17044/19

Judgment of sentence affirmed without prejudice to any rights appellant may have under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/19