J-S05013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MARKUS THOMAS | : | |
| | : | |
| Appellant | : | No. 935 EDA 2020 |

Appeal from the Judgment of Sentence Entered February 21, 2020
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000164-2018

BEFORE:  BOWES, J., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                        **FILED JUNE 28, 2021**

Markus Thomas appeals from his February 21, 2020 judgment of sentence of forty to eighty years of imprisonment, which was imposed after a jury found him guilty of multiple counts each of rape of a child, involuntary deviate sexual intercourse ("IDSI"), aggravated indecent assault of a child, indecent assault of a child, and endangering the welfare of a child.  We affirm.

In an opinion authored pursuant to Pa.R.A.P. 1925(a), the trial court provided an apt summary of the factual history of this case, as follows:

> At trial, a jury concluded that the Commonwealth proved beyond a reasonable doubt that Appellant sexually abused two children in his care over the course of several years.  The two children were the granddaughters of his paramour.  The abuse came to light only after the stepmother of the children discovered a letter that one of the girls had written and hidden away in a drawer.  In the letter, the [child] claimed that she had been raped but could not tell anyone.  Upon finding the letter, the stepmother told the children's father and they began to ask questions.  Finally, the child disclosed that [Appellant], to whom she referred as "Pop-

pop," had sexually abused her. The children viewed Appellant as a grandfather figure because of his long-term relationship and living arrangement with their grandmother. The other child overheard the conversation in which her sister disclosed the abuse and also revealed that she, too, had been abused by Appellant. Their grandmother contacted the West Chester Police and an investigat[ion] commenced.

At trial, the victims testified in great detail about the physical acts of sexual abuse and the mental, emotional[,] and physical harm it has caused [them]. The victims testified that the abuse occurred regularly when they were [attending] first through fifth grades. One of the victims said she never told anyone because she didn't want to hurt Appellant, whom she loved, or upset her family.

Rule 1925(a) Opinion, 5/14/20, at 2-3. During the two-day trial, Appellant was represented by Stewart Paintin, Esquire, of the Chester County Public Defender's office.[1] In its case in chief, the Commonwealth introduced the aforementioned letter into evidence without objection and referred to it extensively in adducing testimony from the witnesses. *See* N.T. Trial, 4/9/19, at 12. On April 10, 2019, the jury retired to consider its verdict.

While the jury was on lunch break that day, it submitted a request to view the letter admitted as evidence by the Commonwealth. Without alerting the attorneys or Appellant, the trial court granted the request and provided a copy of the letter to the jury. *See* N.T. Trial, 4/10/19, at 57-58. Proceedings reconvened that afternoon after the jury had reached a verdict, but before it had been announced, at which time the trial court informed the parties of its

_____

[1] Prior to trial, Appellant was represented by Nellie Verducci, Esquire, also of the Chester County Public Defender's office.

response to the jury's question. *Id*. No objections were entered by either Appellant or the Commonwealth in response to this revelation.

Ultimately, the jury found Appellant guilty of the above-noted offenses. Immediately after the guilty verdict was read, Appellant requested that the jury be polled. *See* N.T. Trial, 4/10/19, at 64. The trial court granted Appellant's request and conducted a collective poll of the jury, wherein the trial court went through each of the charges and asked the members of the jury to verbally confirm in unison that the verdicts were individually correct and unanimous. *Id*. at 64-68. No dissenting voices were evident, and the jury members all expressed agreement in the verdicts as delivered. Although an individual poll of the jurors was not taken, Appellant did not object to the manner of the trial court's polling. *Id*. at 68.

On May 31, 2019, Laurence Harmelin, Esquire, was appointed to replace Attorney Paintin. Appellant filed a post-verdict motion for extraordinary relief asserting that Attorney Paintin had rendered ineffective assistance of counsel at trial. Additionally, Appellant alleged errors by the trial court that he claimed necessitated a new trial, including: (1) the trial court's purported failure to conduct a proper poll of the jury under Pa.R.Crim.P. 648(G); (2) a violation of Appellant's right to be present during the proceedings under Pa.R.Crim.P. 602(A); and (3) the trial court's refusal to issue a "prompt complaint" jury instruction regarding the delayed disclosure of the sexual abuse by the victims in this case. Ultimately, the trial court denied the motion in its entirety.

On February 21, 2020, the trial court sentenced Appellant to an aggregate term of forty to eighty years of incarceration, which included the application of four consecutive ten-year mandatory minimum sentences. Appellant filed a timely post-sentence motion seeking to reduce his sentence and alleging a number of other grounds for relief, which was denied. *See* Order, 3/3/20, at 1. On March 17, 2020, Appellant filed a timely notice of appeal to this Court. Both he and the trial court have timely complied with the mandates of Pa.R.A.P. 1925, by respectively filing a concise statement of errors complained of and an opinion.

Appellant has raised seven issues for our consideration, as follows:

1. Whether the trial court erred in not adhering to Appellant's right under Rule 602(A) to be present at every stage of the trial.

2. Whether the trial court improperly sentenced Appellant under mandatory minimum sentencing provisions, in violation of the [*Alleyne v. U.S.*, 133 S.Ct. 2151 (2013)] decision?

3. Whether the trial court erred when it failed to instruct the jury on the witnesses' lack of prompt complaints, and when evaluating the testimony of complaining witnesses.

4. Whether the trial court erred in failing to require the Commonwealth to fix, with certainty, the date(s) of the alleged offenses, thereby denying Appellant due process, by being substantially denied the opportunity to present an effective defense.

5. Whether the trial court erred in not declaring a mistrial, after a complaining witness was called to the stand, during the jury trial, did not initially respond and later returned with the witness in tears, in front of the jurors thereby prejudicing Appellant by engendering sympathy for the witness and hostility and bias toward Appellant in the minds of the jurors.

6.  Whether trial counsel erred by not reminding the trial court to poll the jury, as had been requested on the record by Appellant in violation of Rule 648(G).

7.  Whether Appellant received ineffective assistance of counsel in that trial counsel:

   a.  Failed to object, to move for a mistrial, or to seek a curative instruction after the letter was sent out to the jury during deliberations.

   b.  Stipulated to Appellant's prior conviction [for a *crimen falsi* offense] and failed to request a cautionary instruction . . . .
   c.  Failed to poll the jury after being requested to do so by Appellant in open court and on the record.

   d.  Failed to introduce evidence helpful to Appellant regarding his defense.

   e.  Failed to place on the record the delayed, tearful entrance of Appellant's accuser/witness before the jury, and to move for a mistrial, or, at a minimum, to request a cautionary instruction.

Appellant's brief at 4-6 (cleaned up).

Appellant's first claim concerns the trial court's response to the jury's request to view the victim's letter. He asserts that the trial court's decision to not reconvene the parties and consider argument before allowing the jury to see the letter violated the requirement that Appellant "be present at every stage of the trial." **See** Appellant's brief at 18-24 (asserting that trial court erred and violated Appellant's right "to be present during deliberations and during consideration of jury questions").

Rule 602(A) provides that "[t]he defendant shall be present at every stage of the trial including the impaneling of the jury and the return of the

verdict, and at the imposition of sentence, . . . ." Pa.R.Crim.P. 602(A). This Court has interpreted this rule as conferring upon defendants a "rule-based right to be present for trial[.]" **Commonwealth v. Tejada**, 188 A.3d 1288, 1293 (Pa.Super. 2018). This Court has prevously held that alleged violations of a defendant's right to be present during trial proceedings present pure questions of law. Accordingly, our standard of review is *de novo*. **Id**. at 1293.

Appellant is correct, insofar as the trial court's response to the jury's request was received, considered, and consummated without the presence of either party in this case. **See** N.T. Trial, 4/10/19, at 57-58. Accordingly, we believe that this constitutes a violation of Appellant's rule-based right to be present under Rule 602(A). **See Commonwealth v. Williams**, 959 A.2d 1272, 1282-83 (Pa.Super. 2008) (concluding trial court violated Rule 602(A) by ruling on jury's request to view an exhibit without defendant present). While the trial court in the instant case does not concede that a violation occurred, it asserts that any legal error was harmless. We agree.

Harmless error exists where, *inter alia*, "the error did not prejudice the defendant or the prejudice was *de minimis*." **Commonwealth v. Stokes**, 78 A.3d 644, 654 (Pa.Super. 2013). As a general matter, "non-constitutional violations of Rule 602(A)" are susceptible to harmless error analysis.[2] **Id**. at

---

[2] Although Appellant mentions various constitutional provisions in his discussion of Rule 602(A), he does not assert a separate violation of his constitutional rights and did not advance any such claim in his post-verdict motion. Accordingly, we confine our discussion to Rule 602(A).

1283. Instantly, the gravamen of Appellant's argument under Rule 602(A) is that he was denied the opportunity to oppose the jury receiving a copy of the at-issue letter. Specifically, Appellant argues that the trial court erred by not allowing him to "make his objections known" before the exhibit was provided to the jury. Appellant's brief at 18. Pennsylvania law vests the trial court with significant discretion to provide the jury with access to any exhibits that it deems to be "proper." *See* Pa.R.Crim.P. 646(A); ***Commonwealth v. Barnett***, 50 A.3d 176, 194 (Pa.Super. 2012) ("Whether an exhibit should be allowed to go out with the jury during its deliberation is within the sound discretion of the trial judge."). Concomitantly, Rule 646(C) lists exhibits that are prohibited from being set out with the jury during its deliberations, which includes: (1) transcripts of any trial testimony; (2) a written or recorded confession from the defendant; (3) copies of the information or indictment; and (4) written jury instructions. Pa.R.Crim.P. 646(C)(1)-(4).

Preliminarily, we note that the letter is not of a category of evidence that is explicitly foreclosed from being provided to the jury under Rule 646(C). Furthermore, it was admitted into evidence and referred to extensively at trial without objection by any party. Although the letter was not published to the jury during the trial, its contents were thoroughly testified to by the witnesses. Furthermore, the letter did not name the victim's abuser, but merely stated that the abuse took place. Accordingly, the letter contained no new or novel allegations but was merely demonstrative of the evidence adduced at trial.

Notably, Appellant has neglected to provide any basis upon which he could have argued that the letter should not have been provided to the jury.

While we cannot endorse the trial court's decision to issue a ruling on the jury's request to view the letter without first apprising the parties and permitting an opportunity for objections and argument to be placed on the record, we find that any such error was harmless. *See Williams*, *supra* at 1283 (finding trial court's violation of defendant's Rule 602(A) rights was harmless error insofar as no prejudice was evident from the record). Appellant's first claim is without merit.

Turning to Appellant's next four issues, we discern that the trial court has authored a cogent and well-reasoned discussion of these issues in its opinion articulating its response to Appellant's claims for relief and arguing for affirmance. *See* Rule 1925(a) Opinion, 5/14/20, at 6-13. The trial court's writing discusses applicable principles of law and aptly applies them to the particular facts of this case. Furthermore, our independent review of the certified record and relevant precedent has uncovered no issues within the trial court's analysis. Accordingly, we will adopt its reasoning as our own. *See* Rule 1925(a) Opinion, 5/14/20, at 6-8 (explaining that the omission of a "prompt complaint" jury instruction was not erroneous due to the age and disposition of the victims), 8-10 (concluding that mandatory minimum sentences were properly sought and imposed in Appellant's case), 10-12 (finding that the Commonwealth fixed the date with "reasonable certainty"

given the age of the victims and the ongoing nature of Appellant's crimes), 12-13 (holding that Appellant did not seek a mistrial in connection with the one victim's crying on the stand, which did not necessitate a mistrial).

Appellant's last two issues concern allegations that implicate the effectiveness of Attorney Paintin as raised in Appellant's post-verdict motions. However, our Supreme Court has held that absent exceptional circumstances, "claims of ineffective assistance of counsel are to be deferred to [Post-Conviction Relief Act] review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should be reviewed upon direct appeal." *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013). The two exceptions to this paradigm were identified by the Supreme Court in *Holmes* as: (1) cases that involve claims of "primary constitutional magnitude" that is "both meritorious and apparent from the record so that immediate consideration and relief is warranted;" and (2) "prolix" cases where a defendant waives PCRA review and proceeds immediately to unitary review of ineffectiveness claims. *Id*. at 621-26.

Although Appellant baldly asserts that the first exception identified in *Holmes* applies to this case, we strongly disagree. Besides parroting the language of this precedent, Appellant has failed to state which of the numerous grounds upon which he claims ineffectiveness satisfies the "extraordinary" exception carved out in *Holmes*. Accordingly, we find these

claims of ineffectiveness are premature and must await collateral review.  ***See***

***Commonwealth v. Reid***, 117 A.3d 777, 787 (Pa.Super. 2015).

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/28/2021