J-S65021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JULIE CUTTLER, | |
| Appellant | No. 39 WDA 2016 |

Appeal from the Judgment of Sentence of December 10, 2015
In the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000539-2015

BEFORE:  LAZARUS, OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                          **FILED OCTOBER 28, 2016**

Appellant, Julie Cuttler, appeals from the judgment of sentence entered on December 10, 2015, following her *nolo contendere* plea to retail theft.[1]  In this direct appeal, Appellant's court-appointed counsel filed both a petition to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We conclude that Appellant's counsel complied with the procedural requirements necessary for withdrawal. Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous.  We therefore grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

---

[1] 18 Pa.C.S.A. § 3929.

---

*Retired Senior Judge assigned to the Superior Court.

We briefly summarize the facts and procedural history of this case as follows. On November 5, 2015, Appellant pled *nolo contendere* to one count of retail theft. The plea resulted from an incident at the Walmart in Vernon Township, Pennsylvania on April 20, 2015. Video surveillance captured Appellant checking out items in a self-service line. However, Appellant did not scan two bags of dog food, which were still in her cart. The Commonwealth charged Appellant with retail theft as a second-degree misdemeanor. On November 5, 2015, Appellant pled *nolo contendere* to the offense. Appellant had a prior summary retail theft conviction. On December 10, 2015, the trial court sentenced Appellant to two years of probation, a fine of $300.00, and $42.94 in restitution to Walmart. This timely appeal resulted.[2]

"When presented with an ***Anders*** brief, [we] may not review the merits of the underlying issues without first passing on the request to withdraw." ***Commonwealth v. Daniels***, 999 A.2d 590, 593 (Pa. Super. 2010), *citing* ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super.

_____

[2] Counsel filed a timely statement of intent to file an ***Anders*** brief pursuant to Pa.R.A.P. 1925(c)(4). On February 17, 2016, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a). The trial court determined that at the "hearing appointing appellate counsel, [] Appellant advised [the c]ourt that she [was] appealing her judgment of sentence because she [was] innocent of the crime of retail theft, graded as a second degree misdemeanor, to which she entered a plea of *nolo contendere*." Trial Court Opinion, 2/17/2016, at 1. The trial court ultimately denied Appellant relief, relying upon its reasoning as set forth in its sentencing order for accepting Appellant's plea. ***Id.***

2007) (*en banc*). We must first determine whether counsel completed the necessary procedural requirements for withdrawing as counsel. ***Commonwealth v. Washington***, 63 A.3d 797, 800 (Pa. Super. 2013). Court-appointed counsel must satisfy certain requirements to withdraw under ***Anders***.

> First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the [appellant] and advise [her] of [her] right to retain new counsel or to [her]self raise any additional points [s]he deems worthy of [our] attention.

***Commonwealth v. Martuscelli***, 54 A.3d 940, 947 (Pa. Super. 2012), *quoting* ***Santiago***, 978 A.2d at 361. In the submitted ***Anders*** brief, counsel must

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Washington***, 63 A.3d at 800, *quoting* ***Santiago***, 978 A.2d at 361.

If counsel meets these requirements, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is wholly frivolous." *Santiago*, 978 A.2d at 355 n.5, *citing* **Commonwealth v. McClendon**, 434 A.2d 1185, 1187 (Pa. 1981). Counsel will be permitted to withdraw if both the procedural and substantive requirements are satisfied. In addition, we "must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted). In the case at bar, we find counsel has sufficiently met all the above requirements.[3] We now turn to an examination of the **Anders** brief.

While the statement of the question involved asks this Court to find the appeal frivolous and to allow counsel to withdraw, counsel's **Anders** brief refers exclusively to the validity of Appellant's *nolo contendere* plea, recognizing that Appellant "was not certain if she wanted to plea[d.]" Appellant's Brief at 4, 7. The **Anders** brief also cites law solely pertaining to

---

[3] Appellant has not responded to the petition to withdraw as counsel. Upon review, we conclude that counsel complied with the requirements of **Santiago**: (1) counsel provided the procedural history and facts; (2) counsel did not expressly identify an issue that arguably supported the appeal, but cited law and facts regarding the validity of the plea; (3) counsel concluded there were "no meritorious issues," but we read that as the appeal is "wholly frivolous;" and (4) counsel explained why the appeal is frivolous.

tendering a knowing, intelligent, and voluntary plea. *Id.* at 7-9. Because Appellant also advised the court that she was appealing her judgment of sentence because she was innocent, we conclude that a challenge to the validity of Appellant's plea is the crux of this appeal.

This Court has previously determined:

A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence. Additionally, a written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination.

A plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of [her] plea and that [s]he knowingly and voluntarily decided to enter the plea. Our law presumes that a defendant who enters a guilty plea was aware of what [s]he was doing. [S]he bears the burden of proving otherwise. The entry of a negotiated plea is a strong indicator of the voluntariness of the plea. Moreover, the law does not require that the defendant be pleased with the outcome of [her] decision to enter a plea of guilty: All that is required is that [her] decision to plead guilty be knowingly, voluntarily and intelligently made.

*Commonwealth v. Reid*, 117 A.3d 777, 782–783 (Pa. Super. 2015) (internal citations, quotations and original brackets omitted).

Here, while there is no written colloquy contained in the certified record, the trial court conducted an on-the-record oral colloquy and examined the six required areas of inquiry, as delineated above, prior to

accepting Appellant's plea. N.T., 11/5/2015, at 9-11. Upon review, we conclude Appellant had a full understanding of the nature and consequences of her plea and knowingly and voluntarily decided to enter it. Accordingly, a challenge to the validity of her plea does not entitle Appellant to relief.

Moreover, after an independent review of the entire record, we see nothing that might arguably support this appeal. The appeal is, therefore, wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw appearance.

Petition for leave to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/28/2016