J-S45041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WALID MITWALLI, | |
| Appellant | No. 2470 EDA 2016 |

Appeal from the Judgment of Sentence July 25, 2016
in the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0006888-2013

BEFORE:  GANTMAN, P.J., PANELLA, J., and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.:          **FILED SEPTEMBER 06, 2017**

Walid Mitwalli (Appellant) appeals from the judgment of sentence imposed after pleading guilty to third-degree murder.  We affirm.

The factual and procedural history of this case is as follows.  On June 17, 2013, Appellant was charged with several crimes after he admitted to stabbing his wife with a knife after she purportedly attacked him with it.[1]  On November 13, 2015, Appellant entered into an open guilty plea.  He pled guilty to third-degree murder, and the Commonwealth agreed to dismiss the other charges and recommend a fifteen-year cap on the minimum sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Specifically, on June 7, 2013, between midnight and 2:30 a.m., Appellant stabbed his wife multiple times in her head, back, chest, abdomen, neck, and throat while their twin six-year-old daughters were upstairs sleeping.

On July 25, 2016, after a lengthy sentencing hearing where Appellant was represented by private counsel, John I. McMahon, Jr., Esquire, the trial court sentenced Appellant to 15 to 40 years of incarceration. On August 8, 2016, Appellant *pro se* filed a notice of appeal.[2] Appellant also requested *in forma pauperis* status.[3] On August 10, 2016, Attorney McMahon filed a petition for leave of court to withdraw as counsel averring that he had been retained only for proceedings in the Court of Common Pleas. Additionally, Attorney McMahon requested that the Public Defender be appointed to represent Appellant on appeal. On August 17, 2016, the trial court granted Attorney McMahon's petition to withdraw and appointed the Office of the Public Defender to represent Appellant.[4] In addition, the trial court ordered

---

[2] Even where an appellant is represented by counsel, this Court is required to accept a *pro se* notice of appeal. ***See Commonwealth v. Williams***, 151 A.3d 621, 624 (Pa. Super. 2016) ("[T]his Court is required to docket a *pro se* notice of appeal despite Appellant being represented by counsel.").

[3] Since Appellant was represented by private counsel at his guilty plea hearing and sentencing, he was not eligible to proceed on appeal *in forma pauperis* without the filing of an application to do so. ***See*** Pa.R.A.P. 552(a) ("A party who is not eligible to file a verified statement under Rule 551 (continuation of *in forma pauperis* status for purposes of appeal) may apply to the lower court for leave to proceed on appeal *in forma pauperis*. The application may be filed before or after the taking of the appeal[.]"). Instantly, the trial court denied Appellant's initial application without prejudice because he was represented by counsel.

[4] We recognize that all of this happened after Appellant filed a notice of appeal. However, the trial court has the authority to "grant leave to appeal *in forma pauperis*" after the filing of a notice of appeal. Pa.R.A.P. 1701(b)(1).

Appellant to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925. On August 23, 2016, Appellant *pro se* filed a post-sentence motion.[5]

On September 7, 2016, Appellant filed a motion for extension of time to file a concise statement. On September 23, 2016, the trial court granted Appellant's request and provided an additional 60 days to file the concise statement. On September 26, 2016, Appellant filed a motion for remand with this Court in order to permit Appellant to file a post-sentence motion.[6] On November 25, 2016, Appellant filed with the trial court a motion to accept a late-filed concise statement.[7] That concise statement reiterated Appellant's request to file a post-sentence motion *nunc pro tunc* in order to permit Appellant to challenge the discretionary aspects of his sentence.[8] On

_____

[5] Because "Appellant was represented by counsel at the time he filed his *pro se* motion for reconsideration[, it] was a nullity." ***Commonwealth v. Reid***, 117 A.3d 777, 781 (Pa. Super. 2015).

[6] On October 31, 2016, this Court denied Appellant's request without prejudice.

[7] Appellant's concise statement was due on November 22, 2016.

[8] "[I]ssues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived. ***Commonwealth v. Mann***, 820 A.2d 788, 794 (Pa. Super. 2003) (internal citation omitted). Instantly, Appellant neither raised a discretionary-aspects-of-sentence claim at sentencing, ***see*** N.T., 7/25/2016, at 221, nor filed timely a post-sentence motion.

December 1, 2016, the trial court issued an opinion concluding that it was not necessary to permit Appellant to file a late concise statement because the discretionary-aspects-of-sentence claim was not preserved in a post-sentence motion. **See** Trial Court Opinion, 12/1/2016, at 3-4.

On appeal, Appellant requests, once again, that this Court remand this case to permit him to file a post-sentence motion *nunc pro tunc* so that he can challenge the discretionary aspects of his sentence. Appellant's Brief at 6. The Commonwealth responds by arguing that Appellant's request is merely a premature attempt to resolve a claim for the ineffective assistance of trial counsel for failing to file a post-sentence motion. **See** Commonwealth's Brief at 9-14.

"[A]s a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." **Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002). Thus, to the extent Appellant is arguing that trial counsel was ineffective for failing to file a post-sentence motion, we agree with the Commonwealth that such a claim must be deferred until collateral review.

We address, however, Appellant's contention that we should remand this case for the filing of a post-sentence motion *nunc pro tunc* due to a breakdown in the court system. According to Appellant, "the only reason a [post-sentence motion] was not timely filed was [because] Appellant was placed in restrictive housing and the trial court did not timely appoint the

- 4 -

Public Defender's Office before the ten day period to file post[-]sentence motions expired." Appellant's Brief at 12. Appellant goes on to argue that the

> Public Defender's Office was not appointed until August 17, 2016, which was a date twelve days after the limitations period for post sentence motions had expired and after Appellant had inadvertently filed a notice of appeal, divesting the lower court of jurisdiction to hear the motion. Appellant was without counsel at a critical point in the proceedings due to the trial court's failure to timely appoint the Public Defender's Office which caused a "fraud or breakdown" in the court system.

Appellant's Brief at 15 (unnecessary capitalization omitted).

"The courts of this Commonwealth have held that a court breakdown occurred in instances where the trial court, at the time of sentencing, either failed to advise Appellant of his post-sentence and appellate rights or misadvised him." **Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. Super. 2007). However, Appellant does not argue that the trial court either failed to advise or misadvised Appellant of his post-sentence rights. Moreover, a review of the record reveals that Appellant was advised adequately of those rights. **See** N.T., 7/25/2016, at 208 (advising Appellant that he had ten days to file a post-sentence motion in writing with a copy to the District Attorney's Office). Moreover, Appellant's claim that he "inadvertently" filed a notice of appeal is nonsense. Appellant, after having listened to the trial court read his post-sentence an appellate rights, decided to file a notice of appeal. Thus, we cannot agree with Appellant that he is entitled to a remand from this Court to permit him to file a post-sentence

- 5 -

motion *nunc pro tunc* due to a breakdown in the court system. Additionally, Appellant does not point to any authority and has not convinced us that there was any breakdown which would permit the filing of a post-sentence motion *nunc pro tunc* under these circumstances.

Because Appellant has presented no issue on appeal that permits us to disturb his judgment of sentence, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/2017