J-S16042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| v. | : | |
| | : | |
| | : | |
| DEON C. STAFFORD | : | |
| | : | No. 1213 MDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order July 17, 2017
in the Court of Common Pleas of Dauphin County
Criminal Division at No.:  CP-22-CR-0005277-2008

BEFORE:   BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                                **FILED APRIL 30, 2018**

Appellant, Deon C. Stafford, appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

We take the relevant facts and procedural history of this case from our independent review of the certified record.  On March 4, 2009, Appellant entered a negotiated guilty plea to three counts of robbery.[1]  The charges stem from his October 2008 theft, using a BB gun, of pocketbooks from a group of women as they walked home.  On March 9, 2009, the trial court sentenced him, in accordance with the plea agreement, to an aggregate term

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

---

*   Retired Senior Judge assigned to the Superior Court.

of not less than ten nor more than twenty years' incarceration.[2]  Appellant did

not file post-sentence motions or a direct appeal.

On August 26, 2015, Appellant, acting *pro se*, filed the instant PCRA

petition.  Appointed counsel filed an amended petition on February 4, 2016.

The PCRA court issued notice of its intent to dismiss the petition on June 21,

2017, **see** Pa.R.Crim.P. 907(1), and entered its order dismissing it on July 17,

2017.  This timely appeal followed.[3]

Appellant raises the following issues for our review:

1. Whether the Appellant is serving an illegal sentence?

2. Whether counsel was ineffective?

3. Whether the Appellant was abandoned by PCRA counsel, as there was no timeliness exception argued?

(Appellant's Brief, at 6) (unnecessary capitalization omitted).

We begin by addressing the timeliness of Appellant's petition.

. . . [A] PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment becomes final.  A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

---

[2] The plea agreement included a mandatory minimum ten-year sentence pursuant to 42 Pa.C.S.A. § 9714 because Appellant was a second strike offender.  **See** 42 Pa.C.S.A. § 9714; (**see also** PCRA Court Opinion, 11/01/17, at 1; N.T. Sentencing, 3/09/09, at 2-3, 5; Amended PCRA Petition, 2/04/16, at unnumbered pages 3 ¶ 13, 8 ¶ 14l, 9 ¶ 14m).

[3] Appellant filed a timely, court-ordered concise statement of errors complained of on appeal on August 29, 2017.  The court issued an opinion on November 1, 2017.  **See** Pa.R.A.P. 1925.

Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits. Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar.

The exceptions to the PCRA time-bar are found in Section 9545(b)(1)(i)–(iii) . . . and it is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim. . . .

*Commonwealth v. Robinson*, 139 A.3d 178, 185-86 (Pa. 2016) (quotation marks and some citations omitted).

In the instant case, Appellant's judgment of sentence became final on April 9, 2009, when his time to file a direct appeal expired. *See* Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had until April 9, 2010, to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on August 26, 2015, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

Any petition invoking an exception must "be filed within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2). "If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." ***Commonwealth v. Hudson***, 156 A.3d 1194, 1197 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1007 (Pa. 2017) (citation omitted).

Here, Appellant has not established the applicability of any exception to the PCRA's time-bar. (***See*** Appellant's Brief, at 11-19). His claim that his sentence is illegal, premised on the United States Supreme Court's decision in ***Alleyne v. United States***, 133 S.Ct. 2151 (2013),[4] (***see*** Appellant's Brief, at 11-13), does not allow him to circumvent the PCRA's timeliness requirements.

_____

[4] "In ***Alleyne***, the Supreme Court of the United States held that the Sixth Amendment requires that any fact—**other than a prior conviction**—that increases a mandatory minimum sentence for an offense must be submitted to the jury and proven beyond a reasonable doubt. Importantly, ***Alleyne*** did not overturn prior precedent that prior convictions are sentencing factors and

It is well settled that, "in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. . . . [T]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014) (citations and internal quotation marks omitted) (concluding PCRA court correctly dismissed PCRA petition raising ***Alleyne*** claim as untimely). Our Supreme Court has addressed the retroactive effect of ***Alleyne***, and has expressly held "that ***Alleyne*** does not apply retroactively to cases pending on collateral review[.]" ***Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016).

Moreover, because "[s]ection 9714 increases mandatory minimum sentences based on prior convictions[,] [it] is not unconstitutional under ***Alleyne***." ***Reid***, ***supra*** at 785 (citations omitted). Therefore, Appellant's claims based on ***Alleyne*** fail.

Regarding Appellant's claims of ineffective assistance of counsel, (***see*** Appellant's Brief, at 12-18), "[i]t is well settled that allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness

---

not elements of offenses." ***Commonwealth v. Reid***, 117 A.3d 777, 784 (Pa. Super. 2015) (citations omitted; emphasis added).

requirements of the PCRA." **Commonwealth v Wharton**, 886 A.2d 1120, 1127 (Pa. 2005) (citations omitted).

In sum, we conclude Appellant has not met his burden of proving that his untimely PCRA petition fits within one of the three exceptions to the PCRA's time-bar. **See Robinson**, **supra** at 186. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/30/2018