J-S25038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| SHAHID ABNEY | : | |
| | : | |
| Appellant | : | No. 194 EDA 2021 |

Appeal from the PCRA Order Entered December 12, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0012195-2015

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED SEPTEMBER 08, 2021**

Shahid Abney (Abney) appeals the order of the Court of Common Pleas

of Philadelphia County (PCRA court) dismissing his claims filed pursuant to the

Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546 (PCRA).  We affirm.

## I.

This case arises from a home invasion that took place in Philadelphia in

2005.[1]  In the weeks preceding the incident, Abney and Vernon Womack

became acquainted with the victim, Tyree Clark, due to their mutual interest

in producing rap music.  On the evening in question, Abney and Womack called

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The case facts are gleaned from the certified record and our previous factual
summary outlined in **Commonwealth v. Abney**, 291 EDA 2017 (Pa. Super.
August 9, 2018) (unpublished memorandum decision).

Clark to ask if they could come to his residence to record music together. Clark reluctantly agreed.

When Clark came to his front door to let them in, Abney and Womack both drew handguns and pointed them at Clark's head. They then ordered Clark to go into his bedroom, where he was tied up and robbed of his valuables. Abney and Womack threatened to kill Clark if he reported what happened to the police. Womack pistol-whipped Clark in the face before tying a sweater over his head and piling bedroom furniture on top of him.

Once Abney and Womack were done ransacking the rest of the home, they released Clark and ordered him to leave town. Once freed, Clark called the authorities to report the incident. He did not know the last names of Abney and Womack, so he identified them from viewing photographs taken from the pair's respective Instagram accounts. After this identification, police searched Womack's last known address pursuant to a warrant, recovering a handgun that matched Clark's description of the weapon used against him during the home invasion.

Days later, police arrested Abney and Womack. After the prosecution had begun, Clark was contacted by Womack through their social media accounts on Instagram. Womack sent him messages on the site threatening retaliation if Clark continued to cooperate with police.

Additionally, after Abney was arrested, two of his phone calls from prison were recorded. In these calls, Abney discussed the allegations with an

unidentified woman. In the first phone call, Abney discussed a plan to influence Clark into testifying that he was mistaken when he identified Abney as an assailant:

Woman: Whatchu was thinking about?

[Abney]: How I'm gonna get out of this situation.

Woman: I think there's only one way.

[Abney]: What you say?

Woman: I said I think there's only one way.

[Abney]: Exactly.

Woman: To have him come up here and say he misidentified.

[Abney]: Yeah.

Trial Transcript, 9/22/2016, at pp. 29-30.

In the second phone call, Abney again spoke with the unidentified woman about having Clark recant his identification of Abney:

Woman: Alright so. Whatever. What I'm saying, ... the guy ain't coming or something like that.

[Abney]: Huh?

Woman: The guy was supposed to come. I say it's best for the guy to come and say he identified the wrong person.

[Abney]: Yeah.

*Id*. at pp. 30-31.

Abney and Womack were set to be tried together as co-defendants at a consolidated proceeding, and Abney's motion to sever the cases was denied.

Womack's Instagram messages to Clark were introduced into evidence, as were photos taken from Abney and Womack's respective Instagram accounts. When those photos were introduced, the Commonwealth called to the stand the witness who initially obtained them, Maria Cerino, who was a paralegal at the District Attorney's Office. While on the stand, Cerino described a photo of Abney in which he was making a gesture with his hands. She described the gesture as being in the shape of a gun.

Defense counsel objected to the remark and the objection was sustained. The jury was also instructed to disregard the witness's comment and rely on its own impressions of the evidence. Defense counsel did not seek a mistrial or any other remedy.

Again, over defense counsel's objection, the Commonwealth introduced into evidence recordings of Abney's prison phone calls. At the close of evidence but before jury deliberations, the Commonwealth requested to instruct the jury that it could infer Abney's consciousness of guilt from the context of those conversations. Defense counsel objected on the ground that Abney never articulated the plan to have Clark commit perjury; it was rather the woman he was speaking to who had suggested it. The trial court overruled the objection and instructed the jury that the recordings could be considered as evidence of Abney's guilt.

Defense counsel then argued at a side-bar that a corrective instruction should be given to clarify that only Abney's own statements could be

considered as evidence against him. Agreeing, the trial court advised the jury to disregard the initial instruction on consciousness of guilt. In a curative instruction, the trial court clarified that a "statement made before trial may be considered as evidence only against the defendant who made the statement." Trial Transcript, 9/22/2016, at pp. 118-19.

The jury found Abney guilty of robbery, conspiracy to commit robbery, burglary, carrying a firearm without a license, carrying a firearm in public, theft by unlawful taking, possessing an instrument of a crime, and terroristic threats. The trial court separately found Abney guilty of possession of a firearm by a prohibited person.

Abney was sentenced to a prison term of 10 to 20 years as to the robbery conviction, a consecutive term of 1 to 2 years as to the burglary conviction, and a concurrent term of 2 to 4 years as to the conviction for possession of a firearm by a prohibited person. No sentence was imposed as to the remaining convictions.

Abney appealed the judgment of sentence and it was affirmed in **Commonwealth v. Abney**, 291 EDA 2017 (Pa. Super. August 9, 2018) (unpublished memorandum decision). Further review was denied. **See Commonwealth v. Abney**, 641 Pa. 189 (Pa. 2019) (denying allocator).

Abney then timely filed a *pro se* PCRA petition. He was appointed PCRA counsel and an amended petition was then filed on his behalf. The PCRA court

dismissed the petition and submitted an opinion outlining the reasons for dismissal.  **See** PCRA Court 1925(a) Opinion, 3/24/2021, at 6-17.

Abney now raises five issues in his appellate brief:

1.  Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented that trial counsel was ineffective for failing to file and litigate pre-trial motions *in limine*; failing to request a mistrial, and failing to raise appropriate issues on appeal.

2.  Whether the PCRA court erred by dismissing [Abney's] PCRA petition when clear and convincing evidence was presented that appellate counsel was ineffective for failing to pursue claims challenging the sufficiency of the evidence.

3.  Whether the PCRA court erred by dismissing the PCRA petition when clear and convincing evidence was presented of violations of [Abney's] constitutional rights at trial.

4.  Whether the PCRA court erred by dismissing [Abney's] PCRA petition because the trial court issued an illegal sentence by imposing a third-strike sentence enhancement without presenting evidence to establish the existence of two prior convictions.

5.  Whether the PCRA court erred by failing to grant an evidentiary hearing.

Appellant's Brief, at 8.

## II.

We first consider Abney's claims of ineffective assistance of counsel.[2]  In sum, Abney argues that counsel was ineffective by not seeking to exclude

---

[2] The standard of review from the denial of post-conviction relief "is limited to examining whether the lower court's determination is supported by the evidence of record and whether it is free of legal error."  **Commonwealth v. Jones**, 912 A.2d 268, 277 (Pa. 2006).  "While [appellate courts] will always
*(Footnote Continued Next Page)*

recordings of his prison phone calls from trial; by not objecting or seeking remedy as to the trial court's consciousness of guilt jury instruction; by not seeking to exclude the firearm obtained from Womack's home; and by not seeking to exclude or adequately remedy the testimony of Cerino concerning Instagram photos of Abney. **See** Appellant's Brief, at 11-12.

When assessing such claims, we presume that counsel was effective. **See Commonwealth v. Bomar**, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, a PCRA petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." **Id**.

If the petitioner fails to prove any of these prongs, the claim must be dismissed. **See Bomar**, 104 A.3d at 1188. Moreover, "[c]ounsel will not be deemed ineffective for failing to raise a meritless claim." **Commonwealth v. Washington**, 927 A.2d 586, 603 (Pa. 2007).

---

defer to [the] PCRA court's factual determinations where supported by the record, the ultimate question of whether facts rise to the level of arguable merit is a legal determination." **Id**.

**A.**

Abney's claim concerning the admission of the recorded prison phone calls does not satisfy any of the prongs of ineffectiveness. Although it appears that defense counsel did not seek their exclusion in a motion *in limine*, the admissibility of the recordings was fully litigated prior to their admission, and defense counsel's objections in that regard were overruled. **See** Trial Transcript, 9/20/2016, at pp. 4-7. Counsel could not be ineffective for failing to seek the recordings' exclusion when counsel, in fact, sought to exclude them.

Counsel's performance also could not have caused Abney prejudice in this regard because there were no grounds to exclude the prison recordings. Abney took part in a conversation in which he agreed that the "only way" to avoid conviction was to have the victim recant his identification. It did not occur to Abney or the woman he spoke to that he could prove his innocence by any other means, suggesting he was indeed guilty.

Accordingly, the conversations are plainly relevant as to Abney's state of mind and consciousness of guilt. Such evidence is admissible and not precluded from trial by the hearsay rule, which only applies to statements offered to prove the truth of the matter asserted. **See** Pa.R.E. 801(c). Statements are admissible under Pa.R.E. 803(3) if offered to prove the "declarant's state of mind (such as motive, intent, or plan)[.]" Here, the jury could have reasonably inferred from the prison recordings that Abney was

guilty because he agreed that convincing the victim to recant his identification was the only way for Abney to prevail at trial. The PCRA court did not err in finding no merit in Abney's underlying claim that this evidence was inadmissible.

**B.**

Abney's next infectiveness claim is that his trial counsel failed to file a motion *in limine* to preclude the testimony of Cerino and for failing to request a mistrial after her testimony was given. The testimony concerned the investigation and recovery of evidence from the social media accounts belonging to Abney and his co-defendant, Womack.

Cerino's testimony concerning her investigation was admissible evidence. She described how she took "screen shots" of social media accounts belonging to Abney and Womack, and that she was able to identify areas from background photographs that were posted. When prompted to describe the photos, Cerino described Abney as "pointing his fingers in a gun motion." Trial Transcript, 9/22/2016, at pp. 25-26.

Defense counsel made a timely, contemporaneous objection to the remark and the objection was sustained. The jury was told to disregard Cerino's characterization of the photo and to draw its own conclusions as to what the photo depicted.

Abney's ineffectiveness claim lacks merit because there was no basis for defense counsel to seek a pre-trial ruling to preclude Cerino's testimony. She

was an employee of the District Attorney's Office testifying about the investigation she performed in the course of her duties. It could not have been anticipated that Cerino would spontaneously describe evidence in an arguably inappropriate manner.

Had defense counsel filed a motion *in limine* to preclude her testimony, it would have been frivolous. As discussed above, counsel cannot be found ineffective by declining to advance frivolous motions. Thus, the PCRA court did not err in denying this ineffectiveness claim.

## C.

In Abney's third ineffectiveness claim, he contends with little elaboration and no citation to legal authority that defense counsel should have sought to exclude from evidence the firearm recovered from the home of Womack, his co-defendant. *See* Appellant's Brief, at 16. The premise of this claim is that the weapon could have only implicated Womack, and that counsel allowed its admission, unfairly implicating Abney in the home invasion.

However, any attempt by Abney's trial counsel to exclude the weapon from evidence on those grounds would have been frivolous. The victim described both of his assailants as carrying handguns that matched the description of the weapon found in Womack's home. More importantly, Abney was charged with conspiring with Womack to commit the home invasion, so evidence relevant to prove Abney's guilt of the conspiracy offense would have

been admissible. The PCRA court did not err in denying this ineffectiveness claim.

**D.**

Abney's final ineffectiveness claim is that his appellate counsel on direct appeal failed to raise issues concerning the sufficiency and weight of the evidence adduced at trial.

As a general matter, a PCRA petitioner cannot prevail on a claim of ineffective counsel at the direct appeal stage unless counsel's conduct somehow resulted in a total loss of the petitioner's appellate rights. ***See e.g., Commonwealth v. Rosado***, 150 A.3d 425 (Pa. 2016).

Abney's appellate rights were not completely or even substantially lost in this case, so his ineffectiveness claims as to appellate counsel are not cognizable under the PCRA. This is clear from the memorandum decision issued by this Court addressing the merits of several appellate issues on direct appeal, including a challenge to the weight of the evidence. ***See Commonwealth v. Abney***, 291 EDA 2017 (Pa. Super. August 9, 2018) (unpublished memorandum decision).

Insofar as appellate counsel's failure to preserve an issue for direct appeal is a cognizable ground for PCRA relief, Abney has not sufficiently developed the claim to warrant further consideration here. Nowhere in his 1925(b) statement did Abney raise this issue, preventing the PCRA court from addressing it in the 1925(a) opinion.

Further, Abney's appellate brief includes no citation to the record or any relevant legal authority, precluding consideration of the issue's merits in this appeal. **See Commonwealth v. Tielsch**, 934 A.2d 81, 93 (Pa. Super. 2007) (holding that undeveloped claims will not be considered on appeal).

## III.

Abney next argues that his constitutional right to confront witness and due process of law were violated when the trial court denied his pre-trial motion to sever. The basis for this claim is that the Commonwealth was permitted to introduce threatening social media messages sent by Abney's co-defendant Womack to the victim. Although Abney's name was redacted from those messages, Abney argues that the admission of that evidence at trial violated the Sixth Amendment Confrontation Clause and Due Process provisions of the United States Constitution.

These claims are not cognizable under the PCRA and, regardless, the claim lacks merit. To qualify for relief on such grounds, Abney would have to show that a "violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

While Abney argues that the rulings in question were prejudicial, neither his brief nor the record demonstrate that the asserted errors could have

possibly undermined the truth-determining process such that the jury could not have made a reliable adjudication of guilt or innocence.

Further, the constitutional claims Abney now raises – based on the denial of severance and the admission of the social media messages – cannot be asserted in a PCRA petition if they could have been raised earlier. Since these constitutional issues could have been raised in Abney's direct appeal, he is foreclosed from asserting them now at the post-conviction stage. ***See*** 42 Pa.C.S. § 9544(b) (issue is waived if petitioner failed to raise it and it could have been raised before trial, at trial, on appeal, in habeas corpus proceeding, or in prior proceeding under PCRA).

In any event, Abney's constitutional claims have no underlying merit. The threatening messages that Womack sent Clark were relevant to issues that the jury had to resolve with respect to Abney. Both Abney and Womack were charged as co-conspirators in the home invasion, and Womack's messages tied him to that crime, as well as to the conspiracy in which both defendants were implicated. The trial court also instructed the jury that any statements made by Womack could not be attributed to Abney, further insulating him from improper inferences by the jury. Thus, the admission of this evidence at Abney's joint trial with his co-defendant did not violate Abney's constitutional rights or otherwise entitle him to post-conviction relief.

**A.**

Abney's sentencing claim is that the PCRA court erred in denying his request for relief from a mandatory enhancement.  He argues that the trial court imposed a "third strike" mandatory term without having the jury make a finding beyond a reasonable doubt that Abney had two prior predicate convictions or a prior second-strike conviction in violation of **Alleyne v. United States**, 570 U.S. 90, 103 (2013) (holding that any fact that "increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.").[3]

The PCRA court correctly determined that there is no merit in this claim because Abney was not sentenced as a third-strike offender and because prior convictions are a sentencing factor that do not require a jury determination.

The second-strike law provides in pertinent part that "[a]ny person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement[.]"  42 Pa.C.S. § 9714(a)(1).

At Abney's sentencing, the trial court noted that he was previously convicted of robbery of a motor vehicle, making him a "second strike" offender

---

[3] A claim that a petitioner is serving an illegal sentence exceeding the lawful maximum, including an **Alleyne** challenge, is cognizable under the PCRA.  **See generally Commonwealth v. Moore**, 247 A.3d 990, 995-99 (Pa. 2021).

subject to a mandatory minimum sentence of 10 to 20 years. *See* Trial Transcript, 12/9/2016, at pp. 10-11. Abney admitted to that prior conviction, and he was sentenced accordingly to a term of 10 to 20 years as to the present robbery count and a consecutive term of 1 to 2 years as to the burglary count. The sentence, therefore, does not exceed the statutory maximum.

Abney has also argued that the mandatory component of his sentence is illegal under *Alleyne* because a jury did not make a factual finding as to his prior convictions. However, *Alleyne* does not apply as to proof of prior convictions for the purposes of the second-strike law. In cases where a defendant has made a constitutional challenge to this mandatory sentence provision, we have held that "*Alleyne* did not overturn prior precedent that prior convictions are sentencing factors and not elements of offenses." *Commonwealth v. Reid*, 117 A.3d 777, 784 (Pa. Super. 2015). "Section 9714 increases mandatory minimum sentences based on prior convictions" and "this section is not unconstitutional under *Alleyne*." *Id*. For the same reasons, Abney's sentencing claim has no merit.

**B.**

Abney's final claim is that the PCRA court abused its discretion in denying an evidentiary hearing on his post-conviction claims. Again, as with Abney's other claims, we find no merit in this contention.

"There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues

of material fact exist, then a hearing is not necessary." ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008). Where the petitioner fails to raise genuine issues of material fact, and further proceedings would serve no legitimate purpose, it is within the discretion of the PCRA to dismiss a petition without a hearing. ***See id***.

When appealing a PCRA court's decision to summarily dismiss a petition, a petitioner must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing. ***See Commonwealth v. Payne***, 794 A.2d 902, 906 (Pa. Super. 2002) (PCRA court may summarily deny petition if it determines claims raised are without merit and would not entitle defendant to post-conviction relief); ***Commonwealth v. Scott***, 752 A.2d 871, 877, n.8 (Pa. 2000) (noting that an evidentiary hearing is not "a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness.").

In this case, Abney did not raise an issue of material fact that would have warranted an evidentiary hearing. As detailed in the examination of the above claims, the record provided ample evidence to justify the summary denial of the entirety of Abney's petition. Thus, the PCRA's order dismissing Abney's petition must be upheld in all respects.

Order affirmed.

President Judge Emeritus Bender joins the memorandum.

Judge McLaughlin concurs in the result.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/8/2021*