J-S08027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORGE ANTONIO RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 1109 MDA 2022 |

Appeal from the Judgment of Sentence Entered July 6, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000357-2022

BEFORE:    OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:                    **FILED: JULY 6, 2023**

Jorge Antonio Rodriguez (Appellant) appeals from the judgment of

sentence entered in the Lancaster County Court of Common Pleas, following

his open guilty plea to failing to comply with the registration requirements[1] of

the Pennsylvania Sex Offender Registration and Notification Act[2] (SORNA).

Appellant's attorney, Lancaster County Assistant Public Defender MaryJean

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 4915.1(a)(1) ("An individual who is subject to registration under 42 Pa.C.S. § 9799.13 (relating to applicability) commits an offense if he knowingly fails to . . . register with the Pennsylvania State Police as required under 42 Pa.C.S. § 9799.15 ( . . . period of registration), 9799.19 ( . . . initial registration) or 9799.25 ( . . . verification by sexual offenders and Pennsylvania State Police)[.]").

[2] 42 Pa.C.S. §§ 9799.10 to 9799.75.

Glick, Esquire (Counsel), has filed an **Anders**[3] petition to withdraw and brief. We grant Counsel's petition to withdraw and affirm the judgment of sentence.

## I. Guilty Plea & Sentencing

On July 6, 2022, Appellant, represented by another assistant public defender, entered an open guilty plea to failing to comply with his SORNA registration requirements. The parties provided the following undisputed factual summary. In connection with a 2019 conviction for indecent assault, a misdemeanor of the second degree, Appellant was sentenced to a term of imprisonment and required to register under SORNA.[4] **See** N.T. at 4. He initially provided his home address to be the prison address, 625 East King Street, Lancaster. **Id.** Appellant "did not have a place to parole out to [sic] so he maxed out his sentence" and was released on September 9, 2021. **See id.** at 4; Information, 2/9/22.

After Appellant was released from prison, he was transient. N.T. at 4. He reported to the Lancaster City Police to register under SORNA within the requisite time period, but he could not complete his registration because he

_____

[3] **See Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). The Commonwealth has submitted a letter, indicating it would not file a brief.

[4] The docket number and sentence for the indecent assault conviction are not apparent in the present record. Nevertheless, defense counsel stated at the July 6, 2022, plea hearing that Appellant had 14 years and nine months remaining on his SORNA registration. N.T. Guilty Plea, 7/6/22, at 5.

did not have official photo identification, as required. *Id.* Defense counsel explained the probation department can assist SORNA registrants with registration, but because Appellant had maxed out and completed his sentence, he did not have that "support structure." *Id.* Appellant then went to the prison to obtain a photo identification, but the prison did not provide that service. *Id.* at 4. Thus, Appellant's registered SORNA address remained the prison's address.[5] Additionally, we note, he had a substance abuse issue using "K-2."[6] *Id.* at 5.

Subsequently, Appellant reported his backpack, including personal items, were stolen. At that time, Appellant was "living" "on the street" on the 800 block of North Christian Street in Lancaster. N.T. at 3; Information. The police "realized they had a warrant for him for" the underlying failure to comply with his SORNA registration.[7] N.T. at 5.

---

[5] We note the fact Appellant was transient was not an obstacle to registering. *See* 42 Pa.C.S. § 9799.10(3) (one of SORNA's purposes is "[t]o require individuals convicted . . . of certain sexual offenses who fail to maintain a residence and are therefore homeless but can still be found within the borders of this Commonwealth to register with the Pennsylvania State Police").

[6] "K-2", or "K2," is a synthetic marijuana. *See Commonwealth v. Ali*, 197 A.3d 742, 746 (Pa. Super. 2018).

[7] The criminal information, however, stated that on November 29, 2021, a police officer found Appellant sleeping on the street, and "after checking to be sure [he] was ok," the officer verified Appellant was required to registered under SORNA. Information.

As stated above, on July 6, 2022, Appellant entered an open guilty plea to failing to register, a felony of the third degree. Both an oral and written plea colloquy were completed. The case then proceeded immediately to sentencing. The standard guideline range was 12 to 18 months' imprisonment. N.T. at 2, 5. Defense counsel requested a county sentence so that Appellant could work with the probation department "on a local level" and receive assistance with housing and mental health and substance abuse issues. *Id.* at 5-6.

The trial court agreed, and imposed a sentence of time served (6 months) to 23 months' imprisonment, with a consecutive two years' probation. N.T. at 5, 8. The court also directed Appellant was not to be released from county prison "until an approved parole plan is in place, which is to include approved housing." *Id.* at 8.

Appellant filed a timely notice of appeal. In response to the trial court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, Counsel filed a statement of intent to file an *Anders* petition to withdraw from representation. *See* Pa.R.A.P. 1925(c)(4). The trial court accordingly issued a statement that it would not file an opinion.

## II. *Anders* Petition to Withdraw & Brief

When an attorney seeks to withdraw under *Anders*, we first examine the request to withdraw before addressing the merits of the issue raised on appeal. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super.

2013) (*en banc*).  An attorney seeking to withdraw from representation on direct appeal must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant seems worthy of the court's attention.

***Id.***

> Pursuant to ***Santiago***, the accompanying ***Anders*** brief must
>
> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Cartrette***, 83 A.3d at 1032, *quoting* ***Santiago***, 978 A.2d at 361.

Here, Counsel's petition to withdraw states she has conducted a review of the record, including the docket, filings, written plea colloquy, and plea and sentencing hearing transcript, and well as statutory and caselaw, and has determined this appeal is wholly frivolous.  The petition states Counsel has provided Appellant with copies of the ***Anders*** petition and brief, and has attached a copy of a letter sent to Appellant, which advised him of his right to retain a private attorney or proceed *pro se*.  We note Appellant has not filed a response.

The ***Anders*** brief identifies three potential claims for our review — first, whether Appellant's guilty plea was voluntarily, intelligently, and knowingly entered. ***Anders*** Brief at 7-9. Counsel suggests it was, as the trial court asked all the questions required by Pa.R.Crim.P. 590 for a plea colloquy. Specifically, Counsel recounts the court properly asked Appellant if he understood the elements of the charge, the factual basis for the plea, the maximum potential sentence, and that the sentence would be determined by the trial judge. ***Id.*** at 7-8. Counsel states that in the written plea colloquy, Appellant acknowledged he had a right to a trial by jury, he would be presumed innocent until proven guilty beyond a reasonable doubt, and the maximum sentence was seven years' incarceration and a $15,000 fine. ***Id.*** at 8.

Next, Counsel contends the sentence imposed was legal, and the six-month minimum was at the bottom of the mitigated guideline range. ***Anders*** Brief at 9 & n.2.

Finally, Counsel avers the following: Appellant was released from the present sentence on October 12, 2022, "to White Deer Run at Allenwood, and at some point [thereafter] became homeless[. H]e is presently registered . . . as living near the area of Binn's Park[. C]ounsel confirmed that he is working for Teck's News Agency, which is a short distance from the park." ***Anders*** Brief at 10. Counsel then explains Appellant's "only complaint was that it took

significant time[, approximately three months,] for county probation and parole to develop a placement plan for him[.]" **Id.** at 9.

In response to this claim, Counsel reasons that plea counsel had "requested this resolution . . . in an effort to prevent . . . future incarceration" for the same offense. **Anders** Brief at 9. Furthermore, Counsel learned from the probation and parole officer, "it took three months to find a placement for [Appellant] partly because he refused at least two placements offered to him.[ ]" **Id.** at 9 & n.3.

## III. Analysis

We now "make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." **See Commonwealth v. Reid**, 117 A.3d 777, 781 (Pa. Super. 2015) (citation omitted).

First, we agree with Counsel there was no defect in Appellant's entry of a guilty plea. This Court has explained:

> "A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." Pa.R.Crim.P. 590, Comment.
>
> Additionally, a written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. "[A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." . . . Moreover,

- 7 -

> "[t]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made."

*Reid*, 117 A.3d at 782-83 (some citations omitted & paragraph break added).

The record indicates the trial court properly explored the inquiries required by Rule 590. At the plea hearing, both the Commonwealth and defense counsel summarized the underlying facts, and Appellant acknowledged there was a factual basis for the plea. N.T. at 2-5. Both the oral and written plea colloquy informed Appellant: (1) the maximum possible sentence for failing to register was seven years' imprisonment, and the maximum fine $15,000; and (2) as there was no agreement as to the sentence, the court would determine the sentence. *Id.* at 3-4; Guilty Plea Colloquy & Post-Sentence Rights, 6/6/22, at 3-4.[8] Finally, the written colloquy advised Appellant of his right to a jury trial and right to be presumed innocent until proven guilty. Guilty Plea Colloquy & Post-Sentence Rights at 2-3. Accordingly, we agree with Counsel that any claim that Appellant's plea was not voluntarily or intelligently entered would be frivolous. *See Reid*, 117 A.3d at 782-83.

---

[8] The written plea colloquy falls under the heading, "Order – Sentence-Penalty Imposed," in the certified electronic record. Furthermore, although the plea hearing was held on **July** 6, 2022, the written colloquy was signed with a date of **June** 6, 2022.

Next, we review Appellant's sentence. First, the sentence of time-served (6 months) to 23 months, with a consecutive two years' probation, was legal. The failure to comply with registration conviction is graded as a felony of the third degree, which carries a maximum sentence of seven years. **See** 18 Pa.C.S. § 1103(3). Additionally, there would be no non-frivolous challenge to the discretionary aspects of his sentence. Whereas defense counsel requested a sentence within the standard guideline range of 12 to 18 months, the trial court imposed a shorter sentence, of time served (six months) to 23 months. N.T. at 5, 8. Additionally, the trial court agreed with defense counsel's suggestion that probation be imposed, so that Appellant could have assistance from the probation department with his SORNA registration requirements, as well as housing, mental health, and substance abuse issues, and thus avoid another conviction of this same offense. **See id.** at 6-8.

Finally, we consider Appellant's issue with the "significant time for county probation and parole to develop a placement for him[.]" **See Anders** Brief at 9. We note the circumstances of Appellant's release from prison and probation and parole are *dehors* the record, and thus we cannot, on this record, verify Counsel's summation. Nevertheless, any issues with the terms of Appellant's release from prison would not be proper for a direct appeal from the judgment of sentence. Instead, we would be tasked with reviewing the appropriateness of the pre-trial court, plea hearing, sentencing, and any post-

sentencing proceedings. Accordingly, any present claim concerning the probation department's efforts to develop a placement plan would be frivolous.

## IV. Conclusion

In sum, we conclude there would be no non-frivolous issue in this appeal, where Appellant's plea was voluntarily and intelligently entered, the trial court imposed a legal and appropriate sentence, and any challenge to the probation department's development of a placement plan for Appellant would not be proper in the present appeal. We thus grant Counsel's petition to withdraw and affirm the judgment of sentence.

Counsel's petition to withdraw from representation granted. Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/6/2023