J-S34041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JEREMIAH POLKA :
:
Appellant : No. 18 WDA 2023

Appeal from the Judgment of Sentence Entered November 29, 2022
In the Court of Common Pleas of Armstrong County
Criminal Division at CP-03-CR-0000590-2021

BEFORE: LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:             **FILED: October 20, 2023**

Jeremiah Polka (Appellant) appeals from the judgment of sentence imposed following his conviction of driving under the influence of alcohol – general impairment (DUI) and his summary violation of driving on roadways laned for traffic.[1]  Appellant's public defender (Counsel) has also filed a petition to withdraw as counsel and an accompanying brief in accordance with ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We deny Counsel's petition to withdraw and remand with instructions.

On March 9, 2021, Appellant was subject to a traffic stop after failing to stay within his lane of travel.  Pennsylvania State Police Trooper Victor

---

[1] 75 Pa.C.S.A. § 3802(a)(1), 3309(a).

Santoyo (Trooper Santoyo) detected the smell of alcohol and noticed Appellant had slurred speech and glassy, bloodshot eyes. Trooper Santoyo asked Appellant to complete field sobriety tests, during which Trooper Santoyo observed signs of impairment. Appellant was arrested on suspicion of DUI, but he refused a chemical breath test. The Commonwealth charged Appellant with DUI – general impairment, DUI – blood alcohol 0.02 or greater while license is suspended, driving on roadways laned for traffic, and driving with a suspended license.

Appellant filed a pre-trial motion in *limine* seeking to preclude introduction of dash cam video recordings from the traffic stop and the results of his field sobriety tests. After hearing argument on the motion,[2] the trial court granted the motion in part, and precluded admission of the results of Appellant's horizontal gaze nystagmus test.[3] The court denied the motion in all other respects.

The jury found Appellant guilty of DUI. The trial court convicted Appellant of the summary offense of driving on roadways laned for traffic, and

---

[2] The docket reflects Appellant filed his motion in *limine* on the day of trial. The trial court's order likewise indicates the court heard argument "on the record in chambers[,]" Trial Court Order, 7/14/22, although the certified record does not contain transcripts of the argument.

[3] The horizontal gaze nystagmus test is one of several commonly used field sobriety tests which assesses the subject's ability to focus. ***See Commonwealth v. Conway***, 534 A.2d 541, 542 n.1 (Pa. Super. 1987).

found him not guilty of the remaining offense. On November 29, 2022, the trial court sentenced Appellant to 30 to 84 months in prison, consecutive to a previously imposed sentence. The trial court also directed Appellant to pay costs, fees, and fines. Trial counsel[4] did not file a post-sentence motion on Appellant's behalf.

Counsel entered his appearance on December 9, 2022, the last day on which Appellant could file a timely post-sentence motion. **See** Pa.R.Crim.P. 720(A)(1) (post-sentence motions must be filed within 10 days after the imposition of sentence). On the same date, Counsel filed a motion for extension of time to file post-sentence motions, to permit Counsel time to review the case, as he had only recently spoken to Appellant for the first time. Counsel argued a post-sentence motion was necessary to preserve issues Appellant wished to raise on appeal. The trial court denied Counsel's motion.

This timely appeal followed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

On July 3, 2023, Counsel filed an application to withdraw from representation and **Anders** brief. Appellant did not file a *pro se* brief or respond to Counsel's application to withdraw.[5]

---

[4] Appellant was represented by privately retained counsel at the time.

[5] The Commonwealth did not file a brief.

We first examine whether Counsel has complied with the dictates of *Anders* in petitioning to withdraw from representation. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*) (stating that "[w]hen faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw.") (citation omitted)). Pursuant to *Anders*, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. The determination of whether the appeal is frivolous remains with the [appellate] court.

*Commonwealth v. Burwell*, 42 A.2d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper *Anders* brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. "If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions...." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007).

Instantly, Counsel filed an *Anders* brief and a separate petition to withdraw from representation. In correspondence to Appellant, Counsel stated his conclusion that there were no "nonfrivolous issues to go forward on appeal," notified Appellant of his intent to withdraw, and informed Appellant of his right to proceed *pro se* or retain new counsel to raise additional claims.[6] Letter, 7/3/23.[7] The *Anders* brief summarizes the factual and procedural history of this appeal and explains Counsel's reasons for concluding that the appeal is wholly frivolous. As Counsel has satisfied the procedural requirements of *Anders* and *Santiago*, we independently review the record to determine whether Appellant's appeal is, in fact, wholly frivolous.

_____

[6] Neither the petition to withdraw nor the letter to Appellant explicitly states that Counsel conducted a conscientious review of the record. However, in the *Anders* brief, Counsel indicates he conducted a "thorough" review of the record. *Anders* Brief at 18. We conclude Counsel has substantially complied with *Anders*. *See Commonwealth v. Reid*, 117 A.3d 777, 781 (Pa. Super. 2015) (stating substantial compliance with *Anders* is sufficient).

[7] Counsel's letter to Appellant is attached to the *Anders* brief rather than the petition to withdraw. Both the petition to withdraw and the *Anders* brief contain a certificate of service indicating the documents were served on Appellant.

In the **Anders** brief, Counsel states that Appellant wishes to challenge the admission of the dash cam video recordings (video). **Anders** Brief at 15. Counsel claims, however, that this issue is waived because trial counsel did not object to the admission of the video during trial.[8] **Id.**

Generally, a party must make a contemporaneous and specific objection to the admission of evidence. **Commonwealth v. Boyd**, 679 A.2d 1284, 1289 (Pa. Super. 1996). However, "[c]onsistent with Pa.R.E. 103(a), a motion in *limine* may preserve an objection for appeal without any need to renew the objection at trial, but only if the trial court clearly and definitely rules on the motion." **Commonwealth v. McGriff**, 160 A.3d 863, 866 (Pa. Super. 2017) (citation and ellipses omitted); **see also** Pa.R.E. 103(b) ("Once the court rules definitively on the record—either before or at trial—a party need not renew an objection or offer of proof to preserve a claim of error for appeal.").

Upon review, we agree that Appellant's trial counsel did not object to the video's admission. N.T., 7/14/22, at 31. However, Appellant challenged the admissibility of the dash cam video recordings in his motion in *limine*. **See** Motion in *Limine*, 7/14/22. Appellant's claim was sufficiently preserved for review because the trial court denied the portion of Appellant's motion challenging the admissibility of the video. As the trial court issued a definitive ruling, Appellant was not required to object to the admission of the video at

---

[8] The trial court also opines that Appellant waived the issue for failing to object at trial. **See** Rule 1925(a) Memorandum, 1/24/23, at 1.

trial in order to preserve the issue. Pa.R.E. 103(a), (b); ***Commonwealth v. Stokes***, 78 A.3d 644, 652 (Pa. Super. 2013) ("Appellant preserved the issue by litigating the pre-trial motion in *limine*, and was not required to object to the trial court's ruling on the motion or place an objection on the record at trial in order to preserve the issue for appeal.").

Counsel concludes in his ***Anders*** brief that Appellant's claim is waived. As Counsel has not addressed the merits of Appellant's issue, we remand for Counsel to address the issue by filing an advocate's brief, or, if Counsel believes the issue is still meritless, a new ***Anders*** brief. **Counsel shall file the brief within 30 days of the date of this memorandum**.

Petition to withdraw as counsel denied. Case remanded with instructions for Counsel to file a brief within 30 days. Jurisdiction retained.