J-S08014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                            :          PENNSYLVANIA
                                            :

            v.                               :
                                            :

NATHAN ALLEN WELCH             :
                                            :

           Appellant                :    No. 1139 MDA 2023

Appeal from the PCRA Order Entered August 8, 2023
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s): CP-38-CR-0001070-2021

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:           **FILED: APRIL 1, 2024**

     Appellant, Nathan Allen Welch, appeals from the order entered on August 8, 2023, dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

     We briefly summarize the facts and procedural history of this case as follows. On August 13, 2021, the Commonwealth charged Appellant with one count each of persons not to possess, use, manufacture, control, sell or transfer firearms and possession of drug paraphernalia.[1] On November 9, 2022, Appellant entered an open guilty plea to the aforementioned crimes. On the same day, the trial court accepted the plea and sentenced Appellant to an aggregate term of five to 10 years of incarceration. Important to this

---

* Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1) and 35 P.S. § 780-113(a)(32), respectively.

appeal, the trial court ordered Appellant's sentence to be served concurrently with any other sentence Appellant was serving.[2]  Appellant did not file post-sentence motions or a direct appeal.  Instead, on April 17, 2023, Appellant filed a *pro se* PCRA petition.  On April 18, 2023, the PCRA court appointed counsel to represent Appellant.  On July 5, 2023, counsel for Appellant filed an amended PCRA petition.  The PCRA court held an evidentiary hearing on August 8, 2023.  On the same day, the PCRA entered an order denying Appellant relief.  This timely appeal resulted.[3]

On appeal, Appellant presents the following issues for our review:

1. Did the [PCRA] court commit prejudicial error by not granting [] Appellant's petition for post[-]conviction relief because he failed to appreciate the significance of the plea at the time that it was given?

2. Did the [PCRA] court commit prejudicial error by not finding that [] Appellant's trial counsel was ineffective for not properly

---

[2]  Appellant was on parole on an unrelated matter at the time of this guilty plea hearing and sentencing.  The trial court further explained that the instant sentence was imposed concurrently to the sentence he was already serving, but that his back time for violating parole could not be served concurrently. N.T., 11/9/2022, at 21-22 ("What won't be concurrent is whatever back time [the Parole Board] give[s] you.  Whatever hit they give you for that, they will not give you double credit for the new sentence and the old sentence; but once you're done serving the back time, everything between that sentence – everything that's left on that sentence and this sentence, it runs concurrent with each other.").

[3]  On August 10, 2023, counsel for Appellant filed a timely notice of appeal. On August 15, 2023, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Counsel for Appellant complied timely on September 5, 2023.  On October 9, 2023, the PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a).

counseling him on the effect of his guilty plea on his open period of state [parole] supervision?

Appellant's Brief at 4 (superfluous capitalization omitted).

Appellant's two issues are interrelated and, therefore, we will address them together. First, Appellant suggests that the trial court, "at the time of his plea and sentencing did not fully examine him regarding his understanding of the full effect of his plea and sentence[.]" *Id.* at 11. Appellant claims that, because he was in violation of his parole on an unrelated matter, he is required to serve three years of imprisonment "before he would start marking his time on this case" which has "[t]he net effect [of turning] his five (5) year minimum sentence [] into an eight year minimum sentence." *Id.* In his second issue presented, Appellant maintains that trial counsel was ineffective for failing "to review with him what the effect of his guilty plea would have on his parole violation." *Id.* at 12. Appellant suggests that trial counsel's deficient stewardship facilitated the entry of an unknowing, involuntary, or unintelligent guilty plea which resulted in manifest injustice. *Id.* at 13. Accordingly, Appellant asserts that he "should be allowed to withdraw his guilty plea and this matter should be remanded to the lower court for further disposition." *Id.*

We adhere to the following standards:

In reviewing the denial of PCRA relief, our standard of review is limited to whether the record supports the PCRA court's factual determinations and whether its decision is free of legal error. We apply a *de novo* standard of review to the PCRA court's legal conclusions. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

- 3 -

*Commonwealth v. Hamilton*, 303 A.3d 823, 830 n.7 (Pa. Super. 2023) (citations and quotations omitted); *see also Commonwealth v. Drummond*, 285 A.3d 625, 633 (Pa. 2022) ("A reviewing court is bound by a PCRA court's credibility determinations and its fact-finding, so long as those conclusions are supported by the record.").

Under the PCRA,

[t]o prevail on a claim of ineffective assistance of counsel, a petitioner must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The petitioner must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Moreover, the law does not require that the defendant be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made.

*Commonwealth v. Anderson*, 995 A.2d 1184, 1191–1192 (Pa. Super. 2010) (internal citations, quotations, and brackets omitted).

Here, the PCRA court determined that Appellant's ineffectiveness claims lacked merit. *See* PCRA Court Opinion, 10/9/2023, at 26-28. Based upon our standard of review and examination of the certified record, we agree.

Initially, we note that prior to pleading guilty, Appellant signed a written, guilty plea colloquy which was made part of the certified record.[4] Within the written colloquy, Appellant acknowledged that he was aware of the permissible range of sentences that could be imposed for his aforementioned crimes, the decision to plead guilty was Appellant's alone, he had ample time to consult with his attorney and was satisfied with his representation, and that no other promises were made to persuade Appellant to plead guilty. Written Guilty Plea Colloquy, 11/9/2022, at 3-4. Appellant understood that the entry of his guilty plea would establish a violation of the terms of his parole for which he could be sentenced to prison. *Id.* at 4. Appellant also acknowledged that he was entering an open plea, the trial court was not bound by the terms of the plea agreement, sentencing was discretionary, and Appellant could receive the maximum sentences allowed by law. *Id.* at 5. Before accepting Appellant's plea, the trial court orally confirmed that the agreement was for an open plea, meaning the Commonwealth would make a sentencing recommendation, but that the trial court was not bound by it. N.T., 11/9/2022, at 6-7 ("So is that your understanding of your open plea? The

_____

[4] "[A] written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination." **Commonwealth v. Reid**, 117 A.3d 777, 782–783 (Pa. Super. 2015) (case citation omitted), *citing* Comment to Pa.R.Crim.P. 590) ("[A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea.").

[j]udge is going to give you whatever [sentence] he wants. The [Commonwealth is going to recommend five to ten [years of incarceration]. [Counsel for Appellant] may recommend something else, and the [j]udge has to decide; is that correct?"). Thereafter, Appellant agreed to plead guilty. *Id.* at 9.

When imposing its aggregate sentence of five to 10 years of imprisonment, the trial court first stated that the current sentence "be served concurrently with any other sentence." *Id.* at 21. The trial court further explained that the instant sentence was imposed concurrently to the sentence he was already serving, but that his back time for violating parole could not be served concurrently. *Id.* at 21-22 ("What won't be concurrent is whatever back time [the Parole Board] give[s] you. Whatever hit they give you for that, they will not give you double credit for the new sentence and the old sentence; but once you're done serving the back time, everything between that sentence – everything that's left on that sentence and this sentence, it runs concurrent with each other.").

Moreover, the PCRA court credited trial counsel's testimony from the PCRA evidentiary hearing. *See* PCRA Court Opinion, 10/9/2023, at 26-28. Trial counsel testified that there was no specific agreement that Appellant's instant sentence would be imposed concurrently to the back time served for a violation of parole, because "whatever sentence he would receive [in] this particular case would be separate and apart from any sentence he would receive in terms of violation and resentencing on [s]tate parole." N.T.,

8/8/2023, at 10. Counsel for Appellant told Appellant "it was not possible" to impose the instant sentence concurrently with any time served as a result of recommitting Appellant for violations of parole. *Id.* at 11. We will not disturb the PCRA court's credibility determinations that are supported by the record. In sum, trial counsel properly explained the interplay between Appellant's open plea sentence with his violation of parole and counsel's advice was within the range of competence demanded of attorneys in criminal cases. Appellant subsequently entered a knowing, voluntary, and intelligent guilty plea. The law simply does not require that Appellant be pleased with the outcome of his decision to enter a plea of guilty. Accordingly, we conclude that trial counsel provided effective assistance of counsel and agree with the PCRA court that there is no merit to Appellant's claims under the PCRA.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/1/2024